In the Matter of the Claim of ARTHUR BEAUDETTE, Respondent, against IRVING L. HEATH, Appellant; EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 13, 1952.

*Boris Schneeberg* for appellant.

*Francis Barry Cantwell* and *Thomas Barry Cantwell* for claimant-respondent.

*Francis E. Slater* for William Deschene, respondent.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum* and *Gilbert M. Landy* of counsel), for the Workmen's Compensation Board, respondent.

FOSTER, P. J. Appeal by an alleged employer from an award of compensation made to claimant for an injury to his right hand.

Claimant was employed in connection with the handling and transportation of logs that had been piled at drops on the side of a highway known as Wawbeek Road, near Tupper Lake, New York. In that employment he received an injury to his right hand. The appellant Heath was the owner of the logs. There is substantial evidence in the record to support the conclusion that he contracted with one Deschene for the removal of the logs from the drops to a landing at a place known as Beaudette's farm. Claimant was employed in this work by Deschene. It is undisputed that neither Heath nor Deschene had secured compensation.

The board held that Heath, as the owner of the logs, was the contractor, and Deschene, as the mover, was the subcontractor, within the meaning of section 56 of the Workmen's Compensation Law. This section provides in substance that in the case of a contract involving a hazardous employment the contractor may be liable to an employee of a subcontractor if the latter fails to secure compensation. It also provides in part: " An owner of timber other than farm lands, who contracts with

another to carry on or perform work or service in connection therewith, which work or service is, involves or includes a hazardous employment, shall for the purposes of this section be deemed a contractor, and such other a subcontractor.''

Appellant urges as a point of law that logs are not timber, and hence Heath was not the owner of timber within the meaning of the statute. The Workmen's Compensation Law is a remedial statute and we assume therefore that the Legislature used the word '' timber '' in its broadest sense. The term is a generic one of considerable flexibility, and used to denote not only standing trees, but felled trees, and even cordwood at times (Words and Phrases [Permanent ed.], vol. 41, p. 631). To say that the Legislature did not intend by the term '' timber '' to include logs would be a construction of the statute too narrow and unrealistic in our opinion.

Complaint is also made that the board had no jurisdiction to review its first decision and award because of claimant's failure to comply with rules 13 and 15 of the Workmen's Compensation Board. The first award was made against Deschene. After review the award appealed from was made against Deschene and the appellant Heath. We do not find any failure on the part of claimant to comply with the rules, but in any event the board had continuing jurisdiction to modify its previous award (Workmen's Compensation Law, § 123).

Otherwise the claim involves only issues of fact. Although claimant has appealed he asks that the award be affirmed.

The award, and any decision involved therein, should be affirmed, with costs to the Workmen's Compensation Board.

HEFFERNAN, BREWSTER, BERGAN and COON, JJ., concur.

Award and any decision involved therein affirmed, with costs to the Workmen's Compensation Board.