◼ In the Matter of the Claim of JOHN A. WILLIAMS, JR., Respondent, v FREDERICK VAN DERZEE, Also Known as R & R TREE SERVICE, et al., Respondents, and NEW YORK STATE PARKS & RECREATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J. Appeal from a decision of the Workers' Compensation Board, filed April 18, 1991, which, *inter alia,* ruled that the Office of Parks, Recreation and Historic Preservation was a general contractor for the timber services that claimant was engaged in when he was injured and that it was liable for claimant's injuries.

In the summer of 1988, the State Office of Parks, Recreation and Historic Preservation (hereinafter OPRHP) entered into an oral contract with claimant's employer to remove some trees in Lodi Point State Park in Seneca County. While engaged in this work on September 25, 1988, claimant, a tree surgeon, was injured when he fell from one of the trees. Although claimant filed a claim for workers' compensation benefits in November 1988, it was discovered that his employer carried no workers' compensation insurance. OPRHP's carrier, the State Insurance Fund (hereinafter the Fund), filed a notice controverting the claim. Following a hearing, the

Workers' Compensation Law Judge found that accident, notice and causal relationship as to claimant's injuries were established, that OPRHP was liable to pay benefits because claimant's employer had no insurance coverage and that the workers' compensation award was payable by the Fund. This decision was affirmed by the Workers' Compensation Board. OPRHP and the Fund (hereinafter appellants) now appeal to this court.

The Board's decision must be affirmed. Appellants dispute the Board's finding that OPRHP was liable for claimant's injuries under Workers' Compensation Law § 56 because OPRHP contracted for the timber services claimant was engaged in when he was injured. Workers' Compensation Law § 56 states, in relevant part, that: "An owner of timber other than farm lands, who contracts with another to carry on or perform work or service in connection therewith, which work or service is, involves or includes a hazardous employment, shall for the purposes of this section be deemed a contractor, and such other a subcontractor."* According to appellants, OPRHP cannot be considered an "owner of timber" or contractor as contemplated by Workers' Compensation Law § 56 because the work being done on OPRHP's trees was not in furtherance of a commercial venture.

We disagree with appellants' interpretation of the statute. Appellants premise their arguments on their own reading of the legislative history of Workers' Compensation Law § 56. It should be remembered, however, that resort to extrinsic matter such as legislative history to construe the meaning of a statute is inappropriate "when the statutory language is unambiguous and the meaning unequivocal" *(Sega v State of New York,* 60 NY2d 183, 191; *see, Rubin v City Natl. Bank & Trust Co.,* 131 AD2d 150, 152). Here, it is obvious that the phrase "[a]n owner of timber other than farm lands" as employed in Workers' Compensation Law § 56 is clear and unequivocal in its meaning and there is no need to resort to legislative history to resolve an ambiguity that does not exist. In any event, our review of the materials contained in the legislative history urged upon us by appellants *(see generally,* Bill Jacket, L 1922, ch 615) does not convince us that the statute was meant to be read as narrowly as suggested by

---

* Workers' Compensation Law § 3 (1) Group 13 includes "[t]ree moving, planting, trimming and surgery" within its definition of hazardous employment.

appellants. While commercial ventures are certainly discussed, when the material is read in its entirety it can be seen that the issue was merely one of the concerns of the Legislature when drafting the legislation. Rather than the strict construction urged by appellants, we are mindful that Workers' Compensation Law § 56 is a remedial statute (see, Matter of Beaudette v Heath, 280 App Div 305, 307) and, therefore, should be broadly construed to achieve its beneficial effect.

Mikoll, J. P., Levine, Mercure and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.