■ WILLIAM CLEMENS, III, et al., Respondents, v JAMES NEALON et al., Defendants, and BRIAN KELLEHER, Appellant. [608 NYS2d 370] —Weiss, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Coppola, J.), entered September

25, 1991 in Westchester County, which *inter alia,* granted plaintiffs' motion for summary judgment dismissing affirmative defenses based on the Statute of Limitations.

Defendant Brian Kelleher and four other youths pleaded guilty in Village of Larchmont Justice Court to the reduced charge of criminal mischief in the fourth degree, emanating from events on the night of July 29-30, 1988 which resulted in damage to two boats off shore near the Larchmont Boat Club in Westchester County. The six plaintiffs, who were aboard the two boats, commenced this action against defendants to recover damages for assault and battery, intentional infliction of emotional distress and false imprisonment. Causes of action sounding in negligence were alleged against defendant Horseshoe Harbor Yacht Club, Inc. and two of its officers. Defendants' answers asserted as an affirmative defense that the actions were time barred and alleged counterclaims. Plaintiffs successfully moved for summary judgment dismissing the affirmative defenses and counterclaims. Only Kelleher has appealed.

The appeal is focused solely on the contention that the instant action was barred by the one-year Statute of Limitations (CPLR 215) and has not been preserved by the tolling provisions in CPLR 215 (8), which in pertinent part state that "[w]henever it is shown that a criminal action against the same defendant has been commenced with respect to the event or occurrence from which a claim governed by this section arises, the plaintiff shall have at least one (1) year from the termination of the criminal action * * * in which to commence the civil action".*

It cannot be disputed that there had been a criminal action against certain of the defendants arising out of the events off shore from the Larchmont Boat Club and that the intentional torts alleged in the instant complaint were committed by the same persons against plaintiffs. The gravamen of Kelleher's argument is that the criminal charge was predicated upon damage to property, i.e., the boats containing plaintiffs, and that this civil action flows from wrongful acts allegedly committed against the persons of plaintiffs. Put another way, Kelleher argues that the tolling provisions of CPLR 215 (8)

---

* EPTL 5-4.1 was amended by the same legislation as the amendment to CPLR 215 (8) *(see,* L 1983, ch 95) to add subdivision (2), which essentially contains the same tolling provisions as CPLR 215 (8) except that it specifies that the personal representative of a decedent shall enjoy the benefit of the toll of the Statute of Limitations.

are exclusively for the benefit of the victims of the crime charged in the criminal proceeding, which in this instance were the owners of the two damaged boats and not plaintiffs, who sustained personal injury. We cannot agree.

Kelleher has asked this Court to enlarge the provisions of CPLR 215 (8) by construing it to include "the plaintiff, *who was the victim or the specific person upon whom the crime had been committed*" (emphasis supplied). We decline the invitation and instead find that Supreme Court correctly held that the statute is satisfied when (1) a criminal action has been commenced, (2) against the same defendants, and (3) concerning the same event or transaction from which the civil action arose.

It ill-behooves this Court to look behind the words of a statute when the words used are neither doubtful nor ambiguous *(see, Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.,* 45 NY2d 471, 480). "The function of the courts is to enforce statutes, not to usurp the power of legislation, and to interpret a statute where there is no need for interpretation, to conjecture about *or to add to or to subtract from words having a definite meaning, or to engraft exceptions where none exist* are trespasses by a court upon the legislative domain" (McKinney's Cons Laws of NY, Book 1, Statutes § 76 [emphasis supplied]). We have little difficulty ascertaining that a criminal action was commenced against certain defendants arising out of their conduct on July 29-30, 1988 off shore near the Larchmont Boat Club.

We further find that resort to the legislative history of CPLR 215 (8) is neither required nor warranted in this case. Resort to extrinsic matter such as legislative history to construe the meaning of a statute is inappropriate " 'when the statutory language is unambiguous and the meaning unequivocal' " *(Matter of Williams v Van Derzee,* 185 AD2d 575, 576, quoting *Sega v State of New York,* 60 NY2d 183, 191). Because the words and meaning of the subject statute are plain, clear and unambiguous, it would be error for courts to resort to an analysis of the legislative history and not apply the statute as written *(see, Rubin v City Natl. Bank & Trust Co.,* 131 AD2d 150, 152). We find the remainder of Kelleher's arguments unavailing.

Cardona, P. J., Mikoll and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.