■ SUZANNE CHRISTODOULOU, Respondent, v ROBERT TERDEMAN, Appellant. [692 NYS2d 462] —In an action to recover damages for assault, battery, rape, sodomy, and unlawful imprisonment, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Posner, J.) dated July 13, 1998, as denied that branch of his motion which was to dismiss, as time-barred, those claims contained in the plaintiff's complaint which are not based on the events of February 23, 1993, and December 28, 1993.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which is to dismiss claims based on events other than those of February 26, 1993, and December 28, 1993, is granted, and the complaint insofar as it is based on such claims is dismissed as time-barred.

The complaint is premised on a series of events which occurred between 1990 and 1994. The causes of action asserted in the complaint are governed by a one-year prescriptive period (*see,* CPLR 215; *Karczewski v Sharpe,* 248 AD2d 679). This action was not commenced until 1998, and it is thus apparent that the claims asserted in the complaint are time-barred, except to the extent that the provisions of CPLR 215 (8) apply. Contrary to the arguments advanced by the plaintiff, this statute applies only to those claims which are based on the events of February 26, 1993 and December 28, 1993, because it was only in connection with the events of these two days that a criminal prosecution was commenced against the defendant. In light of the fact that this criminal prosecution was not terminated until late 1997, the causes of action based on the events of February 26, 1993 and December 28, 1993, and only those causes of action, are timely (*see generally, Clemens v Nealon,* 202 AD2d 747). Ritter, J. P., Altman, Krausman and Florio, JJ., concur.