■ In the Matter of CLINTON R. HILL, Respondent, v ANTHONY P. EPPOLITO, as Judge of the City Court of the City of Oneida, Respondent, and DONALD F. CERIO JR., as District Attorney for the County of Madison, Appellant. [772 NYS2d 634]—

Crew III, J. Appeal from a judgment of the Supreme Court (O'Brien III, J.), entered July 17, 2003 in Madison County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate a decision of the Oneida City Court.

On July 11, 2002 petitioner, a member of the Oneida Indian Nation, was charged in Oneida City Court with the crime of harassment in the second degree. The charge arose out of an altercation between petitioner and another Oneida Indian that took place on Indian Nation property. While that charge was pending, a criminal complaint was filed against petitioner in the Nation tribal court charging petitioner with assault, harassment and disorderly conduct arising out of the same transaction giving rise to the City Court charge.[1]

While the harassment charge was pending in City Court, petitioner was tried and acquitted of the charges of assault and harassment in the tribal court and the charge of disorderly conduct was adjourned in contemplation of dismissal. As a consequence, petitioner moved to dismiss the City Court charge on double jeopardy grounds. That motion was denied, prompting petitioner to commence this CPLR article 78 proceeding in Supreme Court seeking to vacate the order of City Court. Supreme Court granted the petition and vacated the City Court order, resulting in this appeal by respondent District Attorney for Madison County.

The Criminal Procedure Law provides, in pertinent part, that "[a] person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless . . . [t]he offenses as defined have substantially different elements" (CPL 40.20 [2] [a]). It further provides that "a person 'is prosecuted' for an offense . . . when he is charged therewith by an accusatory instrument filed in a court of this state or of any jurisdiction within the United States" (CPL 40.30 [1]). We already have observed that the elements of the crimes of harassment as defined in the Oneida Indian Nation Penal Code and the New York Penal Law are identical (see n 1, supra). The issue here then distills to whether the tribal court, in which petitioner was tried and acquitted, constitutes a court of any jurisdiction within the United States. We believe it does and, therefore, affirm.

---

1. Of note is the fact that the elements of harassment found in the Oneida Indian Nation Penal Code are identical to those found in the Penal Law under which petitioner was charged in City Court.

It is beyond cavil that Indian tribes are separate sovereigns whose "right of internal self-government includes the right to prescribe laws applicable to tribe members and to enforce those laws by criminal sanctions" (*United States v Wheeler*, 435 US 313, 322 [1978]). The Oneida Indian Nation has enacted a Penal Code and Rules of Criminal Procedure providing the mechanism for enforcement of that Code, and its tribal courts clearly qualify as courts of any jurisdiction within the United States.[2]

With regard to the District Attorney's contention that the failure of the Criminal Procedure Law to specifically address tribal courts implies their intended exclusion, we need note only that the fact that a statute contains no exception creates a strong presumption that none was intended (*see Matter of Pokoik v Department of Health Servs., County of Suffolk*, 72 NY2d 708, 712 [1988]; McKinney's Cons Laws of NY, Book 1, Statutes § 213). We have considered the District Attorney's remaining arguments and find them equally unavailing.

Mercure, J.P., Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs. [*See* 196 Misc 2d 616.]

---

**2.** Courts in at least two of our sister states have concluded that prosecutions in tribal courts preclude subsequent prosecutions in state courts (*see Booth v State*, 903 P2d 1079 [Alaska 1995]; *People v Morgan*, 785 P2d 1294 [Colo 1990]; *but see State v Moses*, 145 Wash 2d 370, 37 P3d 1216 [2002]).