OPINION OF THE COURT
William F. O’Brien, III, J.
*549 Defendant Clinton R. Hill presently moves for dismissal of the complaint in this action stemming from an alleged incident that occurred on July 7, 2002. Defendant further moves to have certain statements stricken from the complaint as being scandalous and unnecessary. Plaintiffs oppose both motions. Oral argument on the matter was held on July 1, 2005, with counsel for both sides appearing.
Statement of Facts
The underlying causes of action alleged in the complaint arise from an incident which occurred on Oneida Indian land located within the City of Oneida, New York, on July 7, 2002. On that date, plaintiffs claim to have been escorting Madison County Undersheriff Doug Bailey and Lieutenant Matt Episcopo around Oneida Indian Nation property to discuss the sheriffs investigation of a homicide. Defendant allegedly raced up to the party in his vehicle, skidded to a stop, jumped out of the vehicle and confronted plaintiffs. According to the complaint, defendant advanced upon plaintiffs shouting obscenities and began ramming and butting plaintiff Diane Shenandoah with his chest and abdomen. This assault culminated, according to the complaint, with defendant shoving plaintiff Diane Shenandoah back into plaintiff Maisie Shenandoah, causing Maisie Shenandoah to fall to the ground and suffer injuries.
Based upon the incident alleged in the complaint, defendant was charged with harassment in the second degree in Oneida City Court on July 11, 2002. Defendant was arraigned there on July 19, 2002, and pleaded not guilty. The matter was adjourned to August 15, 2002, to allow defendant to prepare pretrial motions.
Meanwhile, defendant was charged with assault, harassment and disorderly conduct in Oneida Nation Justice Court on July 30, 2002. Defendant was arraigned there and pleaded not guilty and requested a jury trial. A jury was impaneled on August 7, 2002, before Oneida Nation Justice Honorable Stewart E Hancock, Jr. Based upon plaintiffs’ refusal to testify, the Oneida Nation Court issued a judgment of acquittal dated August 8, 2002, on the charges of assault and harassment and an adjournment in contemplation of dismissal on the disorderly conduct charge.
Defendant then made a motion in Oneida City Court for dismissal of the charges there on the grounds that the prosecution violated the constitutional and statutory protections against double jeopardy. By written decision dated December 10, 2002, *550 City Court (Eppolito, J.) denied defendant’s motion to dismiss. Defendant immediately commenced a CPLR article 78 proceeding before this court seeking to vacate the December 10, 2002 decision of City Court. The City Court decision of December 10, 2002 was vacated by the written decision and order of this court dated July 16, 2003, and entered on July 17, 2003.
The Madison County District Attorney appealed this court’s decision and order to the Appellate Division, Third Department. By memorandum and order dated March 4, 2004, the Appellate Division affirmed this court’s decision and order. Plaintiffs commenced the present action by filing the summons and complaint with the Madison County Clerk on February 25, 2005.
Relevant Law/Analysis
Statute of Limitations Defense
The first branch of defendant’s motion to dismiss contends that the causes of action asserting the intentional torts of assault, battery and intentional infliction of emotional distress are barred by the statute of limitations. Specifically, defendant relies upon CPLR 215 (3), which establishes that civil actions based upon assault or battery must be commenced within one year. While not explicitly listed under the statute, intentional infliction of emotional distress has been found to be among the causes of action subject to the limitations of CPLR 215 (3). (Goldner v Sullivan, Gough, Skipworth, Summers & Smith, 105 AD2d 1149 [4th Dept 1984].)
CPLR 215 (8) allows that where a criminal action has been commenced against the same defendant based upon the same occurrence which gives rise to a civil claim, the one-year period in which plaintiff must commence a civil action does not begin running until the termination, as defined in Criminal Procedure Law § 1.20, of the criminal action. This “tolling” period exists regardless of when the incidents giving rise to the claims actually took place.
Since all of the foregoing is acknowledged by both parties as settled law, the dispute here centers around the date upon which the criminal action against defendant actually terminated. Defendant urges that all criminal proceedings terminated on August 8, 2002, with the entry of the judgment of acquittal in Oneida Nation Court. Alternatively, defendant states that the latest date for termination of the criminal action against him should be July 17, 2003, the date of the entry of this court’s decision and order that vacated the City Court decision allowing *551 the prosecution there to proceed in spite of defendant’s double jeopardy argument. Using July 17, 2003 as the date of termination of criminal proceedings against defendant, defendant contends that the statute of limitations on plaintiffs’ present claims would have expired on July 17, 2004.
Plaintiffs urge that defendant’s criminal action was not terminated for purposes of applying CPLR 215 (8) until the Appellate Division rendered its decision on the District Attorney’s appeal. Under plaintiffs’ theory, the charges against defendant could not have been formally dismissed, even in light of this court’s decision and order of July 16, 2003, until the Appellate Division had ruled upon the matter.
The statutory language of CPL 1.20 (16) (c) states that a criminal action “terminates with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case.” Based upon this definition, defendant, as the moving party, is required to show that the criminal action commenced against him in Oneida City Court was terminated prior to February 25, 2004, in order to establish that the present action was not commenced within one year of such termination.
Defendant’s initial contention is that the prosecution in Oneida City Court is a nullity and has no bearing on the calculation of the time limits on the present action because the prosecution was found to have violated the constitutional and statutory prohibitions against double jeopardy. In so arguing, defendant sets forth the proposition that “(a) criminal proceeding held in violation of the statutory and constitutional prohibitions against double jeopardy is a nullity and has no legal effect,” citing People v Mayo (48 NY2d 245 [1979]). Defendant’s reading of this dictum from Mayo ignores the context of the statement, where the Court of Appeals was addressing a situation where a defendant had been retried on a dismissed charge and convicted, at a second trial, of lesser charges. The Mayo court found that where the defendant had been placed in double jeopardy by the retrying of a dismissed charge, the entire trial, including otherwise valid convictions, must be vacated based upon the taint of the double jeopardy violation. In so ruling, the Court stated that the double jeopardy violation rendered the trial a nullity with no legal effect.
Acceptance of defendant’s position that the Oneida City Court prosecution should, in essence, be treated as though it never happened, would be repugnant to the purpose of CPLR 215 (8) *552 of relieving an alleged crime victim of “the burden of participating simultaneously in two totally separate legal proceedings based on identical facts in order to avoid the expiration of the Statute of Limitations.” (Alford v St. Nicholas Holding Corp., 218 AD2d 622 [1st Dept 1995].) Such a rule would have required plaintiffs to know that defendant would eventually succeed in his quest to have the charges filed in Oneida City Court dismissed based upon the double jeopardy argument, despite the fact that the trial judge rejected this claim, so that they could commence their civil action within one year of the termination of the criminal action in Oneida Nation Justice Court. Requiring such clairvoyance from plaintiffs flies directly in the face of the intent of CPLR 215 (8).
The same logic applies to the defendant’s alternative argument that the Oneida City Court prosecution should be deemed to have terminated with this court’s decision and order of July 16, 2003. The criminal action against defendant commenced with the filing of charges on July 11, 2002. Defendant first attempted to have the charges dismissed by motion in August of 2002. City Court’s decision of December 10, 2002 denied that motion, thus leaving the criminal action in that court intact. Rather than pursuing an interlocutory appeal of City Court’s decision, defendant elected to challenge the decision by commencing a special proceeding pursuant to CPLR article 78 on the grounds that the City Court decision was affected by an error of law. When this court issued its decision and order dated July 16, 2003, vacating the City Court decision, the District Attorney, a governmental agency, filed a timely notice of appeal on August 13, 2003. Pursuant to CPLR 5519, the District Attorney’s appeal stayed enforcement of the July 16, 2003 decision and order. As such, during the pendency of the appeal, the status quo remained in defendant’s City Court prosecution and the charges against him could not have been dismissed based upon the double jeopardy argument. Only after the Appellate Division affirmed the July 16, 2003 decision and order of this court by memorandum and order dated March 4, 2004, and no appeal was filed therefrom, could the City Court prosecution have been properly terminated.
The foregoing analysis compels the conclusion that the criminal action against defendant in Oneida City Court was a “criminal action” for the purposes of CPLR 215 (8) and that this criminal action was terminated, at the earliest, on March 4, *553 2004.* Based upon that conclusion, plaintiffs’ complaint was timely filed and defendant’s motion to dismiss on statute of limitations grounds must be denied.
Failure to State a Cause of Action Defense
Defendant also moves for dismissal of the second, third, fourth and fifth causes of action in the complaint, respectively, alleging intentional infliction of emotional distress, negligence, gross negligence/willful misconduct and negligent infliction of emotional distress, on the grounds that they fail to state valid causes of action.
Defendant urges that the complaint does not make out a prima facie case of intentional infliction of emotional distress. In order to establish a cause of action for intentional infliction of emotional distress, the pleadings must state: (1) extreme and outrageous conduct; (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress. (Howell v New York Post Co., 81 NY2d 115 [1993].) The standard for establishing the first element, extreme and outrageous conduct, has been set so high that the Howell court described it as “conduct ... so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.” (Howell v New York Post Co., supra at 122.) The Howell court further noted that, because of the rigorous standard, “of the intentional infliction of emotional distress claims considered by this Court, every one has failed because the alleged conduct was not sufficiently outrageous.” (Id.) Defendant contends that the allegations in the complaint do not satisfy this exceedingly high standard.
Plaintiffs urge that the allegations in the complaint, viewed as a course of conduct including but not limited to the alleged assault that took place on July 7, 2002, establish conduct sufficient to satisfy the “extreme and outrageous conduct” standard. However, plaintiffs cite no authority for this claim. This *554 attempt to broaden the scope of the allegations must fail. Plaintiffs have not shown how any of the events set forth in the pleadings other than defendant’s alleged assault are actionable here. Accordingly, the cause of action for intentional infliction of emotional distress must be dismissed.
Defendant further contends that the causes of action sounding in negligence (negligence, negligent infliction of emotional distress) fail to state a cause of action because the pleadings assert facts compatible only with an intentional tort. Indeed, settled law dictates that once intentional conduct has been established, there can be no claim for negligence even if the resulting damages were inadvertently caused. (Mazzaferro v Albany Motel Enters., 127 AD2d 374 [3d Dept 1987].)
A review of the pleadings produces no evidence of a sufficient claim of negligent action on the part of defendant. Paragraph 59, under the subheading Count III (Negligence), alleges that defendant “did carelessly and recklessly run towards plaintiff Diane Shenandoah and did carelessly and recklessly run into and ram plaintiff Diane Shenandoah with his body.” The mere use of the words “carelessly” and “recklessly” alone cannot transform here what can otherwise be viewed only as an intentional action. The fact that plaintiffs do not identify any duty of care owed by defendant toward them, or any breach of such a duty, is fatal to this cause of action.
Likewise, the pleadings set forth in paragraphs 62 and 63 of the complaint alleging the negligent infliction of emotional distress claim that defendant’s “unprovoked attack on [plaintiffs . . . caused plaintiffs to be in fear for their own safety and injury as well as fearing for that defendant Hill would do personal injury to the other plaintiff.” Paragraph 63 states that defendant caused plaintiff Diane Shenandoah “to fear that Maisie Shenandoah had suffered personal, mental and emotional injury at the hands and conduct of defendant.” Both of these paragraphs describe intentional action only and state no duty or breach thereof by defendant. As such, whether proceeding under a “direct duty” or a “zone of danger” theory, plaintiffs have failed to establish an action which negligently caused injury to them. If plaintiffs are to recover based upon the allegations of the complaint, such recovery can only lie in a theory of intentional action.
Finally, defendant seeks an order pursuant to CPLR 3024 striking certain provisions from the complaint as being “scandalous and unnecessarily inserted in the Complaint.” The stan *555 dard for evaluating whether pleadings are scandalous or unnecessary is measured by whether the material would be admissible at trial. (Talbot v Johnson Newspaper Corp., 124 AD2d 284 [3d Dept 1986].)
Defendant contends that paragraphs in the complaint concerning the following subjects are scandalous and irrelevant to plaintiffs’ claim: the legitimacy and authority of the Oneida Indian Nation government, alleged violations of plaintiffs’ rights by the Oneida Indian Nation, plaintiffs’ ongoing disputes with the Oneida Indian Nation and the legitimacy and fairness of the Oneida Nation Justice Court. Plaintiffs contend that all of the allegations set forth in the complaint explain the circumstances existing at the time that defendant allegedly attacked them and that the discussion of their long-standing dispute with Oneida Indian Nation leadership is included to support their theory that the alleged incident of July 7, 2002, was part of a course of conduct designed to inflict emotional distress upon them.
Having dismissed plaintiffs’ emotional distress causes of action, the latter rationale cannot justify the inclusion of statements that otherwise have no bearing on a cause of action for a single instance of assault. While plaintiffs may be correct that the incident that they contend took place on July 7, 2002 arose from the larger context of hostility between them and the governing leadership of the Oneida Indian Nation and defendant, in particular, such facts neither augment nor diminish claims regarding that incident. They are simply not relevant to determining whether defendant committed the torts of assault or willful misconduct (the only two causes of action which survive defendant’s motion) and what damages, if any, plaintiffs suffered as a result. The irrelevant statements should be stricken from the complaint.
Accordingly, based upon the foregoing, defendant’s motion to dismiss the complaint is granted in part and denied in part. The second, fourth and fifth causes of action for intentional infliction of emotional distress, negligence and negligent infliction of emotional distress are dismissed for failure to state a cause of action. Furthermore, defendant’s motion to strike certain statements from the complaint as particularized in his moving papers is granted.

 The actual date upon which the criminal action is considered “terminated” should, by statutory definition, be the date the charges were dismissed in Oneida City Court. Because the criminal file was sealed, neither party presented evidence of the exact date of dismissal, but given the foregoing analysis, dismissal could not have properly occurred before March 4, 2004. While it is further arguable that the criminal action did not terminate until the time for filing a notice of appeal from the Appellate Division’s memorandum and order expired, such a question need not be answered to determine the present motion.