DIANE SHENANDOAH et al., Respondents, v CLINTON R. HILL, Appellant. [815 NYS2d 290]—

Peters, J. Appeal from that part of an order and an amended order of the Supreme Court (O'Brien, III, J.), entered August 11, 2005 and September 9, 2005 in Madison County, which partially denied defendant's motion to dismiss the complaint.

Plaintiffs, members of the Oneida Indian Nation, commenced this action in February 2005 alleging assault and battery, intentional infliction of emotional distress, negligence, gross negligence and negligent infliction of emotional distress stemming from a physical altercation with defendant, a member of the Oneida Indian Nation, on Nation property. Prior to the commencement of this action, defendant was charged, on July 11, 2002, in the Oneida City Court with the crime of harassment in

the second degree (*see* Penal Law § 240.26 [1]). On July 30, 2002, defendant was charged in the Nation's tribal court, under its penal code, with assault in the third degree, harassment in the second degree and disorderly conduct based upon this same altercation. On August 8, 2002, while the harassment charges were pending in City Court, the tribal court acquitted defendant of the crimes of assault in the third degree and harassment in the second degree and issued an adjournment in contemplation of dismissal for the disorderly conduct charge. Defendant thereafter moved for dismissal of the City Court action on the grounds of double jeopardy. The motion was denied, prompting defendant's commencement of a CPLR article 78 proceeding in Supreme Court to vacate that order. Supreme Court granted his petition in July 2003 and this Court affirmed that determination in March 2004 (*Matter of Hill v Eppolito*, 5 AD3d 854 [2004]).

In May 2005, defendant moved, pursuant to CPLR 3211 (a), to dismiss this action by alleging, among other things, that the intentional tort causes of action were untimely. Supreme Court denied that part of the motion, relying upon a commencement date within one year of our March 2004 decision which effectively terminated the Oneida City Court action. Defendant appeals from that portion of the order.*

CPLR 215 (8) provides: "Whenever it is shown that a criminal action against the same defendant has been commenced with respect to the event or occurrence from which a claim governed by this section arises, the plaintiff shall have at least one year from the termination of the criminal action as defined in [CPL 1.20] in which to commence the civil action, notwithstanding that the time in which to commence such action has already expired or has less than a year remaining." CPL 1.20 (16) (c) provides that "[a] criminal action . . . terminates with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case." Therefore, the sole issue is whether plaintiffs' cause of action for assault and battery terminated on August 8, 2002, upon the tribal court's disposition, or on March 2004, when this Court affirmed the vacatur of City Court's order on the ground of double jeopardy.

It is beyond cavil that a CPLR article 78 proceeding, in the nature of prohibition, is the proper proceeding to review a claim

---

* Supreme Court granted defendant's motion with respect to plaintiffs' remaining causes of action for a failure to state a cause of action. It thereafter issued an amended order which clarified its prior decision and defendant appeals from that order as well.

of double jeopardy (*see Matter of Rush v Mordue*, 68 NY2d 348, 355 [1986]; *Matter of Kraemer v County Ct. of Suffolk County*, 6 NY2d 363, 365 [1959]; *Matter of Lacerva v Dwyer*, 177 AD2d 747, 748 [1991]). As we iterated in *Matter of Hill v Eppolito* (*supra*), the principles of double jeopardy proscribed the state's prosecution of defendant on the same charge. "The Oneida Indian Nation has enacted a Penal Code and Rules of Criminal Procedure providing the mechanism for enforcement of that Code, and its tribal courts clearly qualify as courts of any jurisdiction with the United States" (*id.* at 856). As the tribal court is recognized as a criminal court contemplated by our criminal statutes within the meaning of CPL 1.20 (16) (c), and with the tribal court being the last court in which the accusatory instrument was filed and disposed, the one-year period contemplated by CPLR 215 (8) commenced as of August 8, 2002. It is not relevant that there was a pending appeal of Supreme Court's vacatur of the City Court order since any stay instituted as a result of that appeal (*see* CPLR 5519) had no effect on the tribal court proceedings.

Having reviewed and rejected plaintiffs' remaining contentions in *Matter of Hill v Eppolito* (*supra*), we find that Supreme Court should have granted defendant's motion to dismiss plaintiffs' complaint in its entirety.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order and amended order are modified, on the law, with costs to defendant, by reversing so much thereof as partially denied defendant's motion; motion granted in its entirety and complaint dismissed; and, as so modified, affirmed. [*See* 9 Misc 3d 548 (2005).]