[867 NYS2d 820]

Dynamic Chemicals, Inc., Also Known as Bear Dynamic Supply, et al., Respondents, v Ackerman Mechanical Services, Inc., et al., Appellants.

Fourth Department, November 21, 2008

154

---

**APPEARANCES OF COUNSEL**

*Duke, Holzman, Photiadis & Gresens LLP*, Buffalo (*James W. Gresens* of counsel), for appellants.

*Garvey & Garvey*, Buffalo (*Matthew J. Garvey* of counsel), for respondents.

**OPINION OF THE COURT**

GORSKI, J.

In this case of first impression in a New York State court, the issue is whether CPLR 215 (8) applies to a criminal action in a court of any state or in any federal court. For the reasons that follow, we conclude that it does.

Defendants, Eric Ackerman and Ackerman Mechanical Services, Inc. (AMS), appeal from an order denying that part of their motion for summary judgment dismissing the sixth cause of action as time-barred. Plaintiffs allege in that cause of action that defendants violated Civil Rights Law § 51 with respect to plaintiff Stuart Z. Becker by the commercial use of his name without his consent and, according to defendants, the one-year statute of limitations set forth in CPLR 215 (3) applies to bar that cause of action. The record establishes that, between November 9, 1999 and February 25, 2003, Ackerman forged Becker's signature on at least 22 affidavits submitted to the Buffalo Municipal Housing Authority in order to establish that AMS was complying with the requirement that 20% of any capital improvement project be awarded to a minority-owned business enterprise (MBE). Those affidavits certified that AMS was using plaintiff Dynamic Chemicals, Inc., an MBE, as a subcontractor when in fact AMS never did so. According to defendants, that cause of action is time-barred because it is subject to a limitations period of one year from publication pur-

suant to CPLR 215 (3). The last publication here occurred on February 25, 2003, and the sixth cause of action was not asserted until August 12, 2004.

In opposing defendants' motion, plaintiffs contended that the applicable statute of limitations is CPLR 215 (8) (a), which provides that a plaintiff shall have at least one year from the termination of a criminal action in which to commence a civil action against the same defendant "with respect to the event or occurrence from which a claim governed by this section arises" (*id.*). Ackerman pleaded guilty in federal court to "a criminal offense of making a false statement to the Department of Housing and Urban Development," and the sentencing memorandum submitted by Ackerman's attorney set forth that Ackerman was to be sentenced in federal court on May 19, 2006. Plaintiffs in their brief on appeal do not dispute that he was in fact sentenced on that date, and they thus contend that their sixth cause of action is not time-barred because they asserted that cause of action on August 12, 2004. We agree with plaintiffs, and we therefore conclude that Supreme Court properly denied that part of defendants' motion for summary judgment dismissing the sixth cause of action.

Pursuant to CPL 1.20 (16) (c), "[a] criminal action . . . terminates with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case." The CPL defines the term criminal court as "any court defined as such by section 10.10 [of the CPL]" (CPL 1.20 [19]) and, pursuant to CPL 10.10 (1), "[t]he 'criminal courts' of this state are comprised of the superior courts and the local criminal courts."

Relying on those definitions set forth in the CPL and on the decision of the District Court for the Southern District of New York in *von Bulow by Auersperg v von Bulow* (634 F Supp 1284 [1986]), defendants contend that CPLR 215 (8) applies only where a criminal action has been prosecuted in a New York State court. We reject that contention. Addressing first the decision in *von Bulow*, we conclude that defendants' reliance thereon is misplaced because the District Court held in that case that "courts are constrained by the plain words of [CPLR 215 (8)] which limits the relief available under [that section] to those who are victims of crimes prosecuted in New York," not to a Rhode Island criminal prosecution (*id.* at 1299). The District Court noted, however, that

"[i]t escapes this Court how such a limitation, based

not upon the citizenship or residence of the victims or the location of the crime, but upon the irrelevant consideration of the situs of the criminal prosecution, serves the remedial purposes of the statute. Nonetheless, the Court must follow the statutory wording and leave it to the legislature to remedy the situation if it chooses" (*id.*).

Although we agree with the District Court in *von Bulow* that limiting CPLR 215 (8) to New York State criminal actions would be irrational, we cannot agree that such a limitation is required by the language of the statute.

"[R]elative or qualifying words of clauses in a statute ordinarily are to be applied to the words or phrases immediately preceding, and are not to be construed as extending to others more remote" (McKinney's Cons Laws of NY, Book 1, Statutes § 254). Applying the above principle to CPLR 215 (8), we conclude that the reference therein to CPL 1.20 was intended to clarify what is meant by the termination of a criminal action, that is, to establish that a criminal action terminates upon the imposition of sentence or some other final disposition, rather than upon the exhaustion of appeals (*see People v Colwell*, 103 AD2d 169, 170-171 [1984], *affd* 65 NY2d 883 [1985]; *People v Coaxum*, 126 Misc 2d 122, 124 [1984]). On the other hand, the reference in section 215 (8) to CPL 1.20 was not intended to clarify the meaning of a criminal action because the term criminal action as used in section 215 (8) is merely part of the phrase "termination of the criminal action" (*see generally Shenandoah v Hill*, 28 AD3d 919, 921 [2006] [action in Oneida Indian Nation tribal court is a criminal action]; *Elkin v Cassarino*, 248 AD2d 35, 39 [1998] [extended limitations period pursuant to CPLR 213-b applies to victims of federal crimes committed in New York State]). We thus conclude that the term criminal action must be given its ordinary meaning (*see Samiento v World Yacht Inc.*, 10 NY3d 70, 78 [2008]; *Feher Rubbish Removal, Inc. v New York State Dept. of Labor, Bur. of Pub. Works*, 28 AD3d 1, 4 [2005], *lv denied* 6 NY3d 711 [2006]), and we construe it to include any criminal action, whether commenced in a court of any state or in any federal court.

In sum, because the operative date herein is the date on which Ackerman was sentenced rather than the date of the last forgery, and CPLR 215 (8) (a) applies rather than CPLR

215 (3), the court properly denied that part of defendants' motion for summary judgment dismissing the sixth cause of action. Accordingly, we conclude that the order should be affirmed.

HURLBUTT, J.P., SMITH, GREEN and PINE, JJ., concur.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.