■ Byron Walker, Respondent-Appellant, v Estate of Ernest Lorch, Appellant-Respondent. [24 NYS3d 720]—

In an action, inter alia, to recover damages for assault and battery, intentional infliction of emotional distress, and breach of fiduciary duty, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated May 27, 2014, as denied that branch of its motion which was pursuant to CPLR 3211 (a) to dismiss, as time-barred, so much of the cause of action alleging assault and battery as sought to recover damages for actions allegedly occurring between March 1977, and April 1978, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss, as time-barred, the causes of action alleging intentional infliction of emotional distress and breach of fiduciary duty.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss, as time-barred, so much of the cause of action alleging intentional infliction of emotional distress as sought to recover damages for actions allegedly occurring between March 1977, and April 1978, and substituting

therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

On October 12, 2010, a Massachusetts grand jury indicted Ernest Lorch on a criminal charge which alleged that on some date between March 1977, and April 1978, he sexually assaulted the plaintiff in Amherst, Massachusetts. On May 13, 2012, Lorch died, having never been tried on the criminal charge. In August 2012, the Commonwealth of Massachusetts dismissed the indictment.

Less than one year later, on August 2, 2013, the plaintiff commenced this action against Lorch's estate (hereinafter the defendant). The complaint asserted causes of action alleging, inter alia, assault and battery, intentional infliction of emotional distress, and breach of fiduciary duty, all of which were based on the alleged sexual assault which gave rise to Lorch's Massachusetts indictment. On September 30, 2013, the defendant moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, arguing that the toll provided for in CPLR 215 (8) (a) was inapplicable because the criminal action against Lorch was prosecuted in Massachusetts and not New York. The plaintiff opposed the motion, asserting that the toll applied, as the statute contained no requirement that the criminal action be one which was prosecuted in New York.

In the order appealed from, the Supreme Court granted those branches of the defendant's motion which were to dismiss the causes of action alleging intentional infliction of emotional distress and breach of fiduciary duty, concluding that they were time-barred. The court denied that branch of the defendant's motion which was to dismiss so much of the cause of action alleging assault and battery as sought to recover damages for actions allegedly occurring between March 1977, and April 1978, and gave rise to the Massachusetts indictment against Lorch, concluding that this claim was tolled by CPLR 215 (8) (a). The defendant appeals, arguing that the court erred in determining that the subject portion of the assault and battery cause of action was tolled by CPLR 215 (8) (a). The plaintiff cross-appeals, contending that the court erred in determining that the causes of action alleging intentional infliction of emotional distress and breach of fiduciary duty were not tolled by CPLR 215 (8) (a).

CPLR 215 (8) (a) states that "[w]henever it is shown that a criminal action against the same defendant has been commenced with respect to the event or occurrence from which a

claim governed by [CPLR 215] arises, the plaintiff shall have at least one year from the termination of the criminal action as defined in [CPL 1.20] in which to commence the civil action, notwithstanding that the time in which to commence such action has already expired or has less than a year remaining." Here, contrary to the defendant's contentions, the Supreme Court properly determined that the assault and battery cause of action was tolled by CPLR 215 (8) (a) to the extent that it sought to recover damages for actions which took place between March 1977, and April 1978, as the statute does not require that the underlying "criminal action" be one that was prosecuted in New York (*see* CPLR 215 [8] [a]; *Dynamic Chems., Inc. v Ackerman Mech. Servs., Inc.*, 58 AD3d 153 [2008]; *cf. von Bulow by Auersperg v von Bulow*, 634 F Supp 1284 [SD NY 1986]).

Further, contrary to the plaintiff's contentions, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the breach of fiduciary duty cause of action, as such a cause of action is not governed by the statute of limitations set forth in CPLR 215 (CPLR 215 [8]). However, the court erred in granting dismissal of the cause of action alleging intentional infliction of emotional distress in its entirety. That cause of action is governed by the statute of limitations set forth in CPLR 215, and so much of that cause of action as is based on action allegedly occurring between March 1977, and April 1978, arises from the same "event or occurrence" which gave rise to the criminal indictment against Lorch in Massachusetts (CPLR 215 [8] [a]; *see Christodoulou v Terdeman*, 262 AD2d 595 [1999]; *Clemens v Nealon*, 202 AD2d 747 [1994]). Accordingly, so much of the cause of action alleging intentional infliction of emotional distress as sought to recover damages for actions allegedly occurring between March 1977, and April 1978, and was the subject of Lorch's criminal indictment, was not subject to dismissal. Rivera, J.P., Chambers, Sgroi and LaSalle, JJ., concur.