Spooner v Columbia Mem. Hosp. (2025 NY Slip Op 51294(U))

[*1]

Spooner v Columbia Mem. Hosp.

2025 NY Slip Op 51294(U)

Decided on August 18, 2025

Supreme Court, Albany County

Lynch, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 18, 2025
Supreme Court, Albany County

Schuyler Spooner, Plaintiff,

against
Columbia Memorial Hospital and ROBERT E. JENNINGS, Defendants.

Index No. 903103-25

LAW OFFICE OF LEO W. FRASER, III 
By: Leo W. Fraser, III 
Attorneys for Plaintiff
445 Park Avenue, 9th Floor 
New York, New York 10022 
BOND, SCHOENECK & KING, PLLC 
By: Robert F. Manfredo, Esq. 
Rebecca J. LaPoint, Esq. 
Attorneys for Defendants
22 Corporate Woods Blvd., Suite 501 
Albany, New York 12211

Peter A. Lynch, J.

INTRODUCTION
This is an action for assault, malicious prosecution, violation of Whistleblower Law [*2](Labor Law § 740 and § 741), and negligence, for which Plaintiff seeks money damages.[FN1]

STATEMENT OF FACTS

For purposes of this motion, the facts are set forth in the verified complaint.[FN2]
In a nutshell, plaintiff, as a security officer, and defendant Jennings, as a security supervisor, were employed in the Columbia Memorial Hospital security department. Plaintiff left a letter on defendant Jennings' desk which "set forth concerns about existing security vulnerabilities and threats to public safety at the hospital.[FN3]
In response to the letter, plaintiff claims defendant Jennings forced him to sign a letter of resignation and physically assaulted him. Plaintiff's claims that Jennings' actions were in retaliation for filing of the letter with the cited security issues. Plaintiff also claims that defendant Jennings wrongfully filed criminal assault charges against him, and those charges were dismissed by the Court following a non-jury trial.

CPLR 3211 MOTION TO DISMISS [FN4]

Defendant moved to dismiss the Complaint pursuant to CPLR R 3211(a) (5) (7), on the ground that the cause of action for assault is time-barred, and the allegations in the complaint failed to state a cause of action for malicious prosecution, violation of Whistleblower Law (Labor Law § 740 and § 741), and/or negligence, against the moving defendants. 

STATEMENT OF LAW

The CPLR R 3211 (a) (7) review standard requires that a Court "must give the pleadings a liberal construction, accept the allegations as true and accord the Petitioners every possible favorable inference" (Chanko v. Am. Broad Companies, Inc., 27 NY3d 46, 52 [2016]; see also, Conklin v Laxen, 180 AD3d 1358, 1362 [4th Dept. 2020]; Piller v Tribeca Dev. Group LLC, 156 AD3d 1257, 1261 [3d Dept. 2017]). In Wedgewood Care Ctr. v. Kravitz, 198 AD3d 124, 130 [2d Dept. 2021], the court held, 
On a motion to dismiss for failure to state a cause of action, the pleading is to be afforded a liberal construction. The facts alleged in the complaint must be accepted as true, and the plaintiff is entitled to receive the benefit of every possible favorable inference. Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery.
However, allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration, nor to that arguendo advantage." (Internal quotations and citations omitted; emphasis added).
(See also, Easterbrooks v. Schenectady County, 218 AD3d 969, 970 [3d Dept. 2023], where the Court held,

"However, the favorable treatment accorded to a plaintiff's complaint is not limitless and, as such, conclusory allegations — claims consisting of bare legal conclusions with [*3]no factual specificity — are insufficient to survive a motion to dismiss. Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss." (Internal quotations and citations are omitted; emphasis added)
The issue distills to whether Plaintiff has alleged sufficient facts to support a claim which provides a right of recovery.

ASSAULT

The statute of limitation for assault is one year (CPLR § 215). Plaintiff alleged the assault took place on January 24, 2024.[FN5]
Plaintiff commenced the action on March 28, 2025 (CPLR § 304). Thus, on its face, the cause of action for assault is time-barred. That does not, however, end the inquiry.
Was the limitations period tolled during the pendency of the criminal charges against plaintiff? I think not!
CPLR 215 (8) (a) provides:
"Whenever it is shown that a criminal action against the same defendant has been commenced with respect to the event or occurrence from which a claim governed by this section arises, the plaintiff shall have at least one year from the termination of the criminal action as defined in section 1.20 of the criminal procedure law in which to commence the civil action, notwithstanding that the time in which to commence such action has already expired or has less than a year remaining." (Emphasis added)
(See Walker v Estate of Lorch, 136 AD3d 805 [2d Dept. 2016]). If, for example, criminal charges had been made against defendant Jennings, the one-year period of limitations for plaintiff's assault claim, would have begun to accrue on the termination of the criminal proceeding, not the date of the incident. Here, as distinguished, no criminal charges were levied against defendant; as a result, plaintiff does not get the benefit of the tolling period under CPLR 215 (8) (a) (See Cordero v. Epstein, 22 Misc 3d 161, 167 [NY Co. Sup. Ct. 2008]).
The motion to dismiss the assault cause of action as time-barred is granted.

MALICIOUS PROSECUTION

In Smith-Hunter v. Harvey, 95 NY2d 191, 195 [2000], the Court held,
"While the tort of malicious prosecution protects against the consequences of wrongful prosecution, public policy favors bringing criminals to justice, and accusers must be allowed room for benign misjudgments. The law therefore places a heavy burden on malicious prosecution plaintiffs, requiring that they establish four elements:
"(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" . . . )
Defendants assert that plaintiff failed to allege sufficient facts to demonstrate defendant commenced the criminal proceeding, distinct from the actions of the prosecutor.[FN6]
Not quite! [*4]Based on the facts alleged in the verified complaint, there was nothing benign in defendant Jennings' alleged election to intentionally concoct and file false criminal charges against plaintiff.
In De Lourdes Torres v Jones, 26 NY3d 742 [2016] the Court held the grant of summary judgment to dismiss the complaint was error, and addressed the first element of a malicious prosecution cause of action [i.e., commencement of criminal proceeding], holding,
"We have never elaborated on how a plaintiff in a malicious prosecution case demonstrates that the defendant commenced or continued the underlying criminal proceeding. But, by suggesting that a defendant other than a public prosecutor may be liable for supplying false information to the prosecutor in substantial furtherance of a criminal action against the plaintiff, we have implicitly recognized that such conduct may, depending on the circumstances, constitute the commencement or continuation of the prosecution. Relevant Appellate Division decisions are to the same effect. Similarly, in other jurisdictions, the rule is that the defendant commences the prosecution of the plaintiff if the defendant demands in bad faith that the public prosecutor initiate the criminal action or supplies the prosecutor with falsified evidence that the defendant knows or should know will cause the prosecutor to prosecute the plaintiff." (Emphasis added; citations and internal quotations omitted)
In turn, the Court also addressed the third and fourth elements of the cause of action [i.e. lack of probable cause and malice], holding,
" . . . the plaintiff can simultaneously rebut the presumption of probable cause and satisfy the malice element by demonstrating that the evidence of guilt relied upon by the defendant was so scant that the prosecution was entirely baseless and maliciously instituted. In that sense, "[w]hile lack of probable cause to institute a criminal proceeding and proof of actual malice are independent and indispensable elements of a malicious prosecution action, the absence of probable cause does bear on the malice issue, and probable cause to initiate a criminal proceeding may be so totally lacking as to reasonably permit an inference that the proceeding was maliciously instituted". Moreover, in the alternative, the plaintiff may show malice and overcome the presumption of probable cause with proof that the defendant falsified evidence in bad faith and that, without the falsified evidence, the authorities' suspicion of the plaintiff would not have fully ripened into probable cause." (Id. @ 761-762) (Emphasis added; citations omitted).
Here, assuming the facts alleged in the complaint to be true, it is manifest that defendant Jennings engaged in a bad faith cover up of his own criminal acts, by falsely filing criminal charges that plaintiff assaulted him, resulting in a prosecution based on malice and without probable cause (See Martin v Albany, 42 NY2d 13, 17 [1977], where the Court held,
"While lack of probable cause to institute a criminal proceeding and proof of actual malice are independent and indispensable elements of a malicious prosecution action, the absence of probable cause does bear on the malice issue.")
In turn, defendant knew plaintiff was being criminally prosecuted based on his false claims, and [*5]that the prosecutor relied on such claims. Thus, the factual allegations support a finding that defendant commenced the criminal action, without probable cause, in bad faith, and with malice (See Stewart v. Fein Such & Crain, LLP, 236 AD3d 959 2d Dept. 2025]). The dismissal of the criminal charges upon a non-jury trial established the fourth element, that the case terminated in plaintiff's favor.
Defendants rely on Lupski v. County of Nassau, 32 AD3d 997[2d Dept. 2006] to support their claim plaintiff failed to plead sufficient facts to set forth the elements of a malicious prosecution claim. Such reliance is grossly misplaced. In Lupski v. County of Nassau, the Court held,
" . . . merely alleged that Jaronczyk provided false information to the police relative to, inter alia, the plaintiff's speed at the time of the accident and that this information formed the basis for the criminal proceeding commenced against her. This fell short of sufficiently pleading the scienter requirement of the element of commencement of a proceeding without probable cause required for a malicious prosecution claim." (Id. at p. 999) (Emphasis added)
Here, in stark contrast, plaintiff alleged that defendant Jennings violently attacked and assaulted him, in retaliation for the complaint he had made, and then filed a false assault claim with the police. The reasoned inference is that Jennings filed the charges to cover up his own unlawful attack, and maliciously filed false criminal charges against plaintiff, i.e., establishing the scienter requirement.
The motion to dismiss the cause of action for malicious prosecution is denied.

WHISTLEBLOWER LAW

Plaintiff alleged that defendants terminated his employment in retaliation for reporting possible threats to public safety in Columbia's operations.[FN7]

Labor Law § 740 (1) (e) provides:
"Retaliatory action" means an adverse action taken by an employer or his or her agent to discharge, threaten, penalize, or in any other manner discriminate against any employee or former employee exercising his or her rights under this section, including (i) adverse employment actions or threats to take such adverse employment actions against an employee in the terms of conditions of employment including but not limited to discharge, suspension, or demotion; (ii) actions or threats to take such actions that would adversely impact a former employee's current or future employment; or (iii) threatening to contact or contacting United States immigration authorities or otherwise reporting or threatening to report an employee's suspected citizenship or immigration status or the suspected citizenship or immigration status of an employee's family or household member, as defined in subdivision two of section four hundred fifty nine-a of the social services law, to a federal, state, or local agency." (See also Labor Law § 741 (1) (g)).
Labor Law § 740 (2) (a) provides:
"Prohibitions. An employer shall not take any retaliatory action against an employee, whether or not within the scope of the employee's job duties, because such employee [*6]does any of the following:
(a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation or that the employee reasonably believes poses a substantial and specific danger to the public health or safety . . . " (See also Labor Law § 741 (2) (a)).
Here, plaintiff alleged he was forced to sign a resignation while under duress, all because of filing a list of deficiencies in the security operations of Columbia Memorial Hospital.
Defendant claims the allegations are insufficient to state a cause of action. Defendants assert:
In the Complaint, Plaintiff's only factual allegation meant to support his Third Cause of Action is a vague reference to a letter to Defendant Jennings that discussed "security vulnerabilities and threats to public safety at the hospital." (Compl. ¶ 20). The Complaint is void of any allegations regarding how the Hospital's conduct violated any law, rule or regulation, nor does it address any policy or practice by the Hospital that could constitute improper quality of patient care or workplace safety. As a result, Plaintiff has failed to allege sufficient facts to state prima facie claim under either NYLL §§ 740 or 741, and Plaintiff's Third Cause of Action must be dismissed.[FN8]
Not quite! In Webb-Weber v. Community Action for Human Servs., Inc., 23 NY3d 448, 453 [2014], the Court specifically rejected the same argument which defendants assert, holding,
" . . . for pleading purposes, the complaint need not specify the actual law, rule or regulation violated, although it must identify the particular activities, policies or practices in which the employer allegedly engaged, so that the complaint provides the employer with notice of the alleged complained-of conduct." 
Here, the allegations support a claim that defendants engaged in prohibited retaliatory actions against plaintiff, for which he has a cause of action under Labor Law § 740 (4) and 741.
Motion to dismiss this cause of action is denied.

NEGLIGENCE

Defendants acknowledge that Workers' Compensation Law § 29(6) does not bar a cause of action for intentional assault but assert the negligence claim is barred as exclusively covered by worker's compensation.[FN9]
For exclusive coverage, however, there must be some nexus between the employment and the physical assault, distinct from personal animosity between the parties (See Perez v. Victory Motor Inn, 2 AD3d 963 [3d Dept. 2003], where the Court held,
" . . . [i]n determining whether the victim of an assault is entitled to workers' compensation benefits, the test is whether the originated in work-related differences or from pure personal animosity between the combatants. This is a question of fact to be decided by the Board. While an award is appropriate if there is any nexus, however slender, between the motivation for the assault and the employment', the Board is [*7]justified in denying an award in the absence of such a nexus." (Emphasis added)
Here, it certainly looks like there was a nexus between the assault and the employment. The Court need not, however, make that determination, since plaintiff has not pled facts sounding in negligence in the first instance.
In the negligence cause of action, plaintiff incorporated all the allegations of the complaint and further alleged:
"Jennings negligently injured plaintiff during by physically assaulting plaintiff."[FN10] (Emphasis added)
The fundamental problem with this allegation of negligence is that it is belied by all the prior allegations in the complaint that defendant Jennings had engaged in intentional acts. For example, plaintiff had alleged the defendant Jennings engaged in the following acts, to wit:
1. "Jennings told him to "Shut the door";[FN11]
2. "Jennings then demanded in an aggressive tone that plaintiff shut the door completely";[FN12]
3. "Plaintiff then went to sit in a chair, but Jennings blocked him from doing so and directed plaintiff to stand near Christiana's desk;"[FN13]
4. "Becoming increasingly agitated, Jennings again refused to do so;"[FN14]
5. "Jennings immediately lunged at plaintiff and with his right-hand grabbed plaintiff in the area of the left side of his neck and collarbone;"[FN15]
6. "Jennings then pushed plaintiff against a wall while saying "You don't come for my job;"[FN16]
7. "Jennings then used his forearm to push against plaintiff's chest;"[FN17]
8. "Jennings attempted to prevent plaintiff from leaving by trying to hold plaintiff's arms behind him;"[FN18]
9. "Jennings then grabbed plaintiff with both hands by his bullet-proof vest and [*8]violently threw plaintiff against a hospital bed that was outside in the hallway;"[FN19]
10. "Jennings responded by throwing plaintiff violently to the floor with plaintiff landing head-first on his back;"[FN20]
11. "Jennings then lay prone on top of plaintiff while placing his forearm on plaintiff's throat in an attempt to choke him;"[FN21] and
12. "Jennings then tried to muffle plaintiff's screams by placing a hand over plaintiff's mouth and nose."[FN22] (Emphasis added)
Each of the foregoing allegations evince intentional conduct, not negligence (See Rosas v. Petkovich, 218 AD3d 814, 817 [2d Dept. 2023], where the Court held, "Allegations of intentional conduct cannot form the basis of a negligence cause of action;" See also, New York State Workers' Compensation Bd. v. SG Risk, LLC, 116 AD3d 1148 [3d Dept. 2014], where the Court held, "Professional malpractice "is but a species of negligence and, thus, does not generally encompass intentional acts.) (Emphasis added).
The Court notes that the complaint is barren of any factual allegations that defendant Columbia Memorial Hospital engaged in a negligent act.
Defendant's motion to dismiss the negligence cause of action is granted. 

CONCLUSION
For the reasons more fully stated above, Defendants motion to dismiss the complaint is granted in part, and denied in part, and it is further,
ORDERED, that the motion to dismiss the First Cause of action (assault) and the Fourth Cause of Action (negligence) is granted and those causes of action are dismissed, and it is further,
ORDERED, that the motion to dismiss the Second Cause of action (malicious prosecution) and the Third Cause of Action (Whistleblower) is denied, and it is further,
ORDERED, pursuant to CPLR 3211 (f) defendants time to answer is extended to ten days after service of notice of entry of this Decision and Order, and it is further,
ORDERED, a preliminary conference shall take place via TEAMS on September 17, 2025, at 2:00 p.m.
This memorandum constitutes the decision and order of the Court.
Dated: August 18, 2025
Albany, New York
PETER A. LYNCH, J.S.C.
PAPERS CONSIDERED:
All e-filed pleadings and exhibits
NYSCEF Doc. Nos. 1 to 13.

Footnotes

Footnote 1:NYSCEF Doc. No. 1 — Verified Complaint.

Footnote 2:NYSCEF Doc. No. 1 — Verified Complaint.

Footnote 3:NYSCEF Doc. No. 1 — Verified Complaint ¶ 20.

Footnote 4:NYSCEF Doc. No. 12.

Footnote 5:NYSCEF Doc. No. 1 — Verified Complaint ¶ 19-83.

Footnote 6:NYSCEF Doc. No. 6 — Memo of Law Point II.

Footnote 7:NYSCEF Doc. No. 1 — Verified Complaint ¶ 114.

Footnote 8:NYSCEF Doc. No. 6 — Memo of Law Point III.

Footnote 9:NYSCEF Doc. No. 6 — Memo of Law Point IV.

Footnote 10:NYSCEF Doc. No. 1 — Verified Complaint ¶ 118.

Footnote 11:NYSCEF Doc. No. 1 — Verified Complaint ¶ 24.

Footnote 12:NYSCEF Doc. No. 1 — Verified Complaint ¶ 27.

Footnote 13:NYSCEF Doc. No. 1 — Verified Complaint ¶ 29.

Footnote 14:NYSCEF Doc. No. 1 — Verified Complaint ¶ 39.

Footnote 15:NYSCEF Doc. No. 1 — Verified Complaint ¶ 42.

Footnote 16:NYSCEF Doc. No. 1 — Verified Complaint ¶ 43.

Footnote 17:NYSCEF Doc. No. 1 — Verified Complaint ¶ 44.

Footnote 18:NYSCEF Doc. No. 1 — Verified Complaint ¶ 46.

Footnote 19:NYSCEF Doc. No. 1 — Verified Complaint ¶ 50.

Footnote 20:NYSCEF Doc. No. 1 — Verified Complaint ¶ 52.

Footnote 21:NYSCEF Doc. No. 1 — Verified Complaint ¶ 53.

Footnote 22:NYSCEF Doc. No. 1 — Verified Complaint ¶ 56.