■ NEW YORK INSTITUTE OF TECHNOLOGY, Respondent, v PONTE MANAGEMENT, INC., Defendant, and MEADOW CONCRETE CORP., Appellant. [679 NYS2d 646] —In an action to recover damages for breach of a construction contract, the defendant Meadow Concrete Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered September 22, 1997, as denied that branch of its motion which was to dismiss the complaint as barred by the Statute of Limitations.

Ordered that the order is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court,

Nassau County, for an immediate trial pursuant to CPLR 3211 (c) to ascertain the accrual date of the plaintiff's cause of action, and for a new determination of that branch of the motion of the defendant Meadow Concrete Corp. which was to dismiss the complaint as barred by the Statute of Limitations.

The defendant Meadow Concrete Corp. (hereinafter Meadow) performed the concrete work necessary for the construction of a library facility on the plaintiff's Old Westbury Campus. On September 5, 1996, the plaintiff commenced this action to recover damages for breach of contract against Meadow, alleging defective construction. Thereafter, Meadow moved to dismiss the complaint as time-barred.

A cause of action predicated upon defective construction accrues upon completion of "actual physical work" on the construction contract (*Cabrini Med. Ctr. v Desina,* 64 NY2d 1059; *Phillips Constr. Co. v City of New York,* 61 NY2d 949; *State of New York v Lundin,* 60 NY2d 987; *County of Nassau v Sand & Co.,* 114 AD2d 483). Since an action to recover damages for breach of contract has a six-year Statute of Limitations, the key date for Statute of Limitations purposes is September 5, 1990, i.e., six years prior to the date this action was commenced. Most of the work was completed prior to that date. However, the plaintiff asserts that certain work was completed on September 15, 1990.

It cannot be determined as a matter of law based upon this record that construction was completed prior to September 5, 1990. Therefore, the matter is remitted to the Supreme Court, Nassau County, for an immediate trial pursuant to CPLR 3211 (c) on that issue, and for a new determination of that branch of the motion of the defendant Meadow which was to dismiss the complaint as barred by the Statute of Limitations. Ritter, J. P., Thompson, Pizzuto and McGinity, JJ., concur.