JAMES A. STERN et al., Appellants, v STERN METALS, INC., et al., Respondents. [802 NYS2d 243]—

In an action, inter alia, to recover damages for breach of a lease, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County

(LaCava, J.), entered September 15, 2004, which granted that branch of the defendants' motion which was to dismiss the complaint as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arises in connection with a written lease, which allegedly required the defendants, as tenants, to perform certain repairs. In 1997, after the written lease was terminated and the subject premises sold by the plaintiffs, the new owner of the premises performed the repairs, allegedly at a cost of $91,277.56, which was paid for by the plaintiffs. The plaintiffs commenced this action in 2004, inter alia, to recover those costs. The Supreme Court dismissed the action as time-barred by the six-year statute of limitations for actions sounding in breach of contract (*see* CPLR 213 [2]).

The plaintiffs contend that the defendants' payment of $1,750 in 1999 constituted a partial payment of the alleged debt in issue, which started the statute of limitations running anew. "In order [for] a part payment [to] have the effect of tolling a time-limitation period, under the statute or pursuant to contract, it must be shown that there was a payment of a portion of an admitted debt, made and accepted as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (*Lew Morris Demolition Co. v Board of Educ. of City of N.Y.*, 40 NY2d 516, 521 [1976]). The payment must be referable to the debt in issue (*see Petito v Piffath*, 85 NY2d 1, 9 [1994], *cert denied* 516 US 864 [1995]).

In this case there was no admitted debt. The plaintiffs rely upon a letter dated April 20, 1998, from the defendants' attorney at the time, which states that "Stern recognizes the possibility of (*but does not admit to*) a certain level of liability" (emphasis supplied).

The payment of $1,750 was in settlement of an action to foreclose a mechanic's lien for elevator repairs performed in 1996 "without the knowledge and consent of the Landlord." This payment is not referable to the debt alleged in the complaint arising from the defendants' failure to make certain repairs as allegedly required by the lease.

Accordingly, the action was properly dismissed as time-barred. Cozier, J.P., Krausman, Goldstein and Lunn, JJ., concur.