■ In the Matter of the Estate of ALAN R. SCHWARTZ, Deceased. STANLEY LIEBOWITZ, Respondent; JAMES HARRIS, Appellant. [843 NYS2d 403]—In a proceeding pursuant to SCPA 2105, James Harris, the executor of the estate of Alan R. Schwartz, appeals from an order of the Surrogate's Court, Nassau County (Riordan, J.), dated December 6, 2006, which denied his motion to dismiss the petition pursuant to CPLR 3211 (a) (5) as time-barred.

Ordered that the order is affirmed, with costs.

"To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the [s]tatute of [l]imitations, a defendant bears the initial burden of establishing prima facie that the time in which to sue has expired" (*Savarese v Shatz*, 273 AD2d 219, 220 [2000]; *see Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2006]). To make a prima facie showing, the defendant must establish, inter alia, when the petitioner's causes of action accrued (*see Swift v New York Med. Coll.*, 25 AD3d at 686).

Accepting the allegations in the petition as true and according the petitioner the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83 [1994]), the record establishes

that there are triable issues of fact as to when the petitioner's causes of action accrued (see *Savasta v 470 Newport Assoc.*, 82 NY2d 763 [1993]; *Ben Zev v Merman*, 73 NY2d 781 [1988]; *Swift v New York Med. Coll.*, 25 AD3d at 686; *Jakacic v Jakacic*, 279 AD2d 551 [2001]). Thus, the appellant failed to establish its prima facie entitlement to relief.

Moreover, the court properly rejected the appellant's contention that because the dispute is governed by a contract, the petitioner is precluded from asserting a cause of action to impose a constructive trust. On this record and at this early juncture in the litigation, the Surrogate's Court correctly declined to dismiss that cause of action (cf. *Old Salem Dev. Group v Town of Fishkill*, 301 AD2d 639 [2003]). Miller, J.P., Ritter, Goldstein and Dickerson, JJ., concur.