■ Francisca A. Sabadie, Appellant, v George Burke et al., Respondents. [849 NYS2d 440]—In an action, inter alia, to recover

damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (LaCava, J.), entered June 19, 2006, which granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, and (2) an order of the same court entered March 9, 2007, which denied the plaintiff's motion for leave to renew and reargue.

Ordered that the appeal from so much of the order entered March 9, 2007, as denied that branch of the plaintiff's motion which was for leave to reargue, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered June 19, 2006 is reversed, on the law, and the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred is denied; and it is further,

Ordered that the appeal from so much of the order entered March 9, 2007, as denied that branch of the plaintiff's motion which was for leave to renew, is dismissed as academic in light of our determination of the appeal from the order entered June 19, 2006; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

"To dismiss a cause of action pursuant to CPLR 3211 (a) (5), on the ground that it is barred by the Statute of Limitations, a defendant bears the initial burden of establishing prima facie that the time in which to sue has expired" (*Savarese v Shatz,* 273 AD2d 219, 200 [2000]; *see also Swift v New York Med. Coll.,* 25 AD3d 686, 687 [2006]). In addition, upon a CPLR 3211 motion to dismiss a complaint, a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff (*see Cron v Hargro Fabrics,* 91 NY2d 362 [1998]; *Leon v Martinez,* 84 NY2d 83 [1994]; *AAA Viza, Inc. v Business Payment Sys., LLC,* 38 AD3d 802, 803 [2007]).

Construing the facts in the complaint in the light most favorable to the plaintiff, the defendants failed to establish their prima facie entitlement to dismissal pursuant to CPLR 3211 (a) (5) as a matter of law (*see Petracca v Petracca,* 305 AD2d 566, 567 [2003]). Accordingly, the Supreme Court improperly granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. Mastro, J.P., Santucci, Balkin and Dickerson, JJ., concur.