■ ISLAND ADC, INC., Appellant, v BALDASSANO ARCHITECTURAL GROUP, P.C., Respondent. [854 NYS2d 230]—

The plaintiff commenced this action, inter alia, to recover damages for breach of contract. Prior to answering, the defendants moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. The Supreme Court granted that branch of the motion, and we now reverse.

On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (*see Sabadie v Burke,* 47 AD3d 913 [2008]; *Matter of Schwartz,* 44 AD3d 779 [2007]). In considering the motion, a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff (*see Sabadie v Burke,* 47 AD3d 913 [2008]; *Matter of Schwartz,* 44 AD3d at 779). Here, the defendants argued that the complaint was time-barred because the causes of action accrued on October 10, 1998 when the work performed pursuant to the contract the plaintiff alleged they breached was completed, and the action was not commenced until December 19, 2006, well past the expiration of the applicable statute of limitations of six years (*see* CPLR 213 [2]; *Phillips Constr. Co. v City of New York,* 61 NY2d 949, 951 [1984]; *Petracca v Petracca,* 305 AD2d 566, 567 [2003]). However, the plaintiff alleged that the statute of limitations started running anew in January 2001 when the defendants made a partial payment on the balance due on the contract, and wrote to the plaintiff acknowledging that an additional balance was due and promising to pay the same in monthly installments (*see Stern v Stern Metals, Inc.,* 22 AD3d 567 [2005]). Thus, the Supreme Court erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.