In an action to recover damages for professional malpractice, negligence, fraud, constructive fraud, and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated February 28, 2013, which granted the defendants’ motion pursuant to CPLR 3211 (a) to dismiss the complaint.
Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants’ motion which were to dismiss the causes of action to recover damages for professional malpractice and negligence and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff is an automobile dealership. In or around 1998, the plaintiff engaged the services of the defendant Leonard J. Rabinowitz, a certified public accountant. The services included, according to the plaintiff, review of the books and records of the dealership, as well as overseeing the work of the dealership’s in-house controller. In March 2009, the plaintiff suspected that there were financial discrepancies in its books and records. According to the plaintiff, at that time Rabinowitz reviewed the dealership’s books and records and assured the plaintiff that everything looked fine. Thereafter, the plaintiff engaged the services of a forensic accounting firm (hereinafter the forensic accountant). The forensic accountant’s audit revealed a $2.3 million discrepancy, part of which could be accounted for. However, *979 from December 31, 2004, through June 30, 2009, funds totaling $829,184 were recorded as deposits on the plaintiffs “General Ledger,” but such funds were never actually deposited in the dealership’s bank account. In addition, the forensic accountant conducted a month-by-month review of cash receipts for a “test” time period of April 2008 through February 2009, revealing a cash shortage of $200,609.
Further investigation by the Rockland County District Attorney’s Office led to the indictment of the in-house controller. In July 2012, the controller pleaded guilty to grand larceny in the second degree and grand larceny in the third degree, and admitted to stealing $209,475.27 from the plaintiff. A condition of the controller’s sentence was restitution to the plaintiff in the amount of $209,475.27.
The plaintiff brought this action in February 2012 against Rabinowitz, individually, and against his accounting firm (hereinafter together the Rabinowitz defendants) to recover damages for, inter alia, professional malpractice, negligence, and breach of fiduciary duty.
The Rabinowitz defendants moved, inter alia, pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint, inter alia, as time-barred and for failure to state a cause of action. The Supreme Court granted the branch of the motion with respect to the statute of limitations, finding that the plaintiffs causes of action to recover damages for professional malpractice, negligence, and breach of fiduciary duty were subject to a three-year statute of limitations period and were time-barred.
The Supreme Court erred in granting those branches of the Rabinowitz defendants’ motion which were to dismiss the plaintiffs causes of action to recover damages for professional malpractice and negligence. On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (see Kennedy v H. Bruce Fischer, Esq., P.C., 78 AD3d 1016, 1017 [2010]; Island ADC, Inc. v Baldassano Architectural Group, P.C., 49 AD3d 815, 816 [2008]). The Rabinowitz defendants failed to meet this burden with respect to any claims arising from services they rendered on March 16, 2009. In considering the motion, a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff (see Sabadie v Burke, 47 AD3d 913 [2008]; Matter of Schwartz, 44 AD3d 779, 779 [2007]). The complaint alleges that the Rabinowitz defendants negligently performed work for the dealership on March 16, 2009, a date that falls *980 within three years of the February 28, 2012, commencement of the action. In any event, even if the Rabinowitz defendants had met their prima facie burden, in opposition to the motion, the plaintiff raised a triable issue of fact as to whether the statute of limitations was tolled by the “continuous representation” doctrine, which would suspend the limitations period until the completion of the professional services rendered by the Rabinowitz defendants (Regency Club at Wallkill, LLC v Appel Design Group, P.A., 112 AD3d 603, 606 [2013]; see Shumsky v Eisenstein, 96 NY2d 164, 167-168 [2001]; Symbol Tech., Inc. v Deloitte & Touche, LLP, 69 AD3d 191 [2009]). Accordingly, the Supreme Court erred in granting those branches of the Rabinowitz defendants’ motion which were to dismiss the plaintiffs causes of action alleging professional malpractice and negligence as time-barred pursuant to CPLR 3211 (a) (5).
However, the Supreme Court properly granted that branch of the Rabinowitz defendants’ motion which was to dismiss the plaintiffs cause of action alleging breach of fiduciary duty. The Rabinowitz defendants were not fiduciaries of the dealership and, therefore, the complaint failed to state a cause of action (see Caprer v Nussbaum, 36 AD3d 176, 194 [2006]; see also Friedman v Anderson, 23 AD3d 163, 165 [2005]; DG Liquidation v Anchin, Block & Anchin, 300 AD2d 70, 70-71 [2002]).
The plaintiff’s remaining contentions are without merit.
Mastro, J.P, Chambers, Lott and Duffy, JJ., concur.