In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated September 30, 2014, as granted that branch of the defendant’s motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 The plaintiff, Angelo Cataldo, and his now deceased wife, Catherine Cataldo, commenced a prior action against the defendant Matthew Herrmann, and others, to recover damages for the alleged breach of a contractor agreement and the alleged default upon a promissory note. That action was dismissed insofar as asserted against the defendant pursuant to CPLR 3211 (a) (8) for failure to acquire personal jurisdiction over him, based upon the failure to properly serve him pursuant to CPLR 308 (4).
 

 Thereafter, by summons with notice filed on November 18, 2013, the plaintiff and Catherine commenced this action against the defendant only. The complaint in this action alleged, in a substantially similar manner as the prior action, that the defendant breached a contractor agreement to construct a single-family house by the substantial completion date of October 1, 2004, or the extended substantial completion date of June 1, 2006, and that the defendant defaulted on a $40,500 loan. The complaint alleges that the defendant defaulted on the loan by failing to make an installment payment required on February 1, 2006, and the plaintiffs demanded the entire amount due under the loan on May 26, 2006. The defendant moved to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a) (5) on the ground that the action was barred by the six-year statute of limitations. In an order dated September 30, 2014, the Supreme Court, inter alia, granted that branch of his motion, and the plaintiff and Catherine appealed. While the appeal was pending, this Court granted the plaintiffs motion to be substituted for Catherine, in his capacity as executor of her estate. We affirm the order insofar as appealed from.
 

 “On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired” (Island ADC, Inc. v Baldassano Architectural Group, P.C., 49 AD3d 815, 816 [2008]; see Baptiste v Harding-Marin, 88 AD3d 752, 753 [2011]; Sabadie v Burke, 47 AD3d 913, 913 [2008]). “In considering the motion, a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff” (Island ADC, Inc. v Baldassano Architectural Group, P.C., 49 AD3d at 816; see Sabadie v Burke, 47 AD3d at 913). Here, taking the allegations in the complaint as true, the defendant established, prima facie, that this action was commenced more than six years after the plaintiff’s causes of action accrued (see CPLR 213 [2]; Chi Kee Pang v Synlyco, Ltd., 89 AD3d 976, 977 [2011]; L & L Plumbing & Heating v DePalo, 253 AD2d 517, 517 [1998]).
 

 Thus, the burden then shifted to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether he actually commenced this action within the applicable limitations period (see Singh v Edelstein, 103 AD3d 873, 874-875 [2013]; Williams v New York City Health & Hosps. Corp., 84 AD3d 1358, 1359 [2011]). In opposition to the motion, the plaintiff failed to come forward with proof raising a question of fact as to whether actual physical work on the construction project occurred within six years of the commencement of this action (see Cabrini Med. Ctr. v Desina, 64 NY2d 1059 [1985]; New York Inst. of Tech, v Ponte Mgt., 255 AD2d 302, 303 [1998]), or that he was entitled to the application of the relation-back doctrine to render the action timely (see CPLR 203 [c]; Buran v Coupal, 87 NY2d 173, 177 [1995]; see also Moran v JRM Contr., Inc., 145 AD3d 1584, 1585 [2016]; Davis v Sanseverino, 145 AD3d 519, 520 [2016]).
 

 Accordingly, the Supreme Court properly granted that branch of the defendant’s motion which was to dismiss the complaint as time-barred.
 

 Rivera, J.P., Dillon, Connolly and Iannacci, JJ., concur.