Silver v Silver (2018 NY Slip Op 04586)





Silver v Silver


2018 NY Slip Op 04586


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-12923
 (Index No. 705471/15)

[*1]Jackie Silver, appellant, 
v
Jennifer Silver, et al., respondents.


Jackie Silver, Bayside, NY, appellant pro se.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for respondent Jennifer Silver.
Bartlett LLP, Mineola, NY (Robert G. Vizza and John Yoon of counsel), for respondents Zucker Hillside Hospital, North Shore/Long Island Jewish Health System/EMS, and North Shore/Long Island Jewish Health System/ER.



DECISION & ORDER
In an action, inter alia, to recover damages for false imprisonment, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered April 19, 2016. The judgment, upon an order of the same court entered March 10, 2016, granting the defendants' separate motions pursuant to CPLR 3211(a) to dismiss the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiff alleges that on May 27, 2012, she was sitting inside her car, which was parked outside her parents' house in Queens, when police officers approached, asked her questions, removed her from the car, and handcuffed her. According to the plaintiff, the police then transported her against her will to the emergency room of Long Island Jewish Medical Center. She was then discharged from the emergency room and, against her will, transferred to, and admitted by, Zucker Hillside Hospital. The plaintff further alleges that her sister, Jennifer Silver, lied to the police to "put me in the hospital."
On May 24, 2013, the plaintiff commenced an action against Zucker Hillside Hospital, North Shore/Long Island Jewish Health System/EMS, and North Shore/ Long Island Jewish Health System/ER (hereinafter collectively the hospital defendants) and Jennifer Silver. The plaintiff asserted causes of action to recover damages for false imprisonment, defamation, intentional infliction of emotional distress, and violations of 42 USC § 1983. By order entered September 12, 2014, the Supreme Court, in effect, directed the dismissal of the complaint pursuant to CPLR 3211(a)(8) for failure to effectuate proper service.
On May 28, 2015, the plaintiff commenced this action against the same defendants and asserted the same causes of action that were asserted in the prior action. Jennifer Silver and the hospital defendants separately moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the causes of action to recover damages for false imprisonment, defamation, and intentional infliction of emotional distress as time-barred, and pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging violations of 42 USC § 1983 for failure to state a cause of action. By order entered March 10, 2016, the Supreme Court granted the defendants' motions pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint. On April 19, 2016, the court entered a judgment upon the order in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals, and we affirm.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Cataldo v Herrmann, 154 AD3d 641, 642 [internal quotation marks omitted]; see Baptiste v Harding-Marin, 88 AD3d 752, 753). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (see Bennie v Hudson Val. Ctr. at St. Francis, LLC, 115 AD3d 899, 900). "In considering the motion, a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff" (Island ADC, Inc. v Baldassano Architectural Group, P.C., 49 AD3d 815, 816; see Cataldo v Herrmann, 154 AD3d at 642).
Here, the defendants established, prima facie, that the plaintiff's causes of action to recover damages for false imprisonment, defamation, and intentional infliction of emotional distress were time-barred by the one-year statute of limitations for intentional torts (see CPLR 215[3]; Walker v Estate of Lorch, 136 AD3d 805, 807; Melious v Besignano, 125 AD3d 727, 728; Bellissimo v Mitchell, 122 AD3d 560, 561). The plaintiff did not commence this action until May 28, 2015, more than three years after the subject incident.
In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether she actually commenced the action within the applicable limitations period. The plaintiff's contention that the relation-back doctrine renders this action timely is raised for the first time on appeal and is not properly before this Court.
Accordingly, the Supreme Court properly determined that the causes of action to recover damages for false imprisonment, defamation, and intentional infliction of emotional distress were time-barred pursuant to CPLR 3211(a)(5).
The plaintiff's remaining contention is without merit.
LEVENTHAL, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court