Collins-Genova v Louros (2022 NY Slip Op 02390)

Collins-Genova v Louros

2022 NY Slip Op 02390

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN, JJ.

2019-09342
 (Index No. 613920/18)

[*1]Stella R. Collins-Genova, et al., appellants,
v
Steven Louros, et al., respondents.

Blodnick, Fazio & Clark, Garden City, NY (Adam Crowley and Edward K. Blodnick of counsel), for appellants.
Forchelli Deegan Terrana LLP, Uniondale, NY (Elbert F. Nasis and Danielle E. Tricolla of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered July 18, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the seventh cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
John Louros and his wife, Helen Louros, were the owners of Tabs Motors, Inc. (hereinafter Tabs Motors), along with other corporations and real property. On May 8, 2008, Helen wrote a check to their son, the plaintiff Michael Louros, in the sum of $200,000 which bore the annotation "Tabs Repairs." On or about May 14, 2008, Michael tendered to his brother, the defendant Steven Louros, a check in the sum of $190,000. The reverse of that check bore the annotation "for Repairs needed for- 250-60, 250-66, 250-70 Jericho Trpk Bellerose," which were properties owned by another of John's and Helen's corporations. John and Helen were the parents of four children, including Michael and Steven. John died in 2011 and Helen died in 2016. Steven is an attorney and, following John's death, he was appointed as the executor of John's estate.
In 2012, in connection with the probate of John's estate, Steven, in his role as executor, entered into an agreement relating to the distribution of John's assets with Helen, Michael, and the other siblings. As part of that transaction, Michael signed a general release relieving Steven of liability for all claims and actions whatsoever.
In November 2018, the plaintiffs commenced this action against, among others, Steven and Tabs Motors seeking, in the seventh cause of action, as relevant here, to impose a constructive trust and alleging that when Michael tendered the $190,000 check to Steven in 2008, it was for the purchase of shares in Tabs Motors. Steven, pointing to the annotations on the checks, claimed that Michael gave him the check to pass on funds which Helen had directed Steven to use for the repairs to the real property. In January 2019, prior to interposing an answer, the defendants moved pursuant to CPLR 3211(a) to dismiss the first, second, fifth, sixth, seventh, and eighth causes of action. The Supreme Court, inter alia, granted that branch of the defendants' motion which was [*2]pursuant to CPLR 3211(a) to dismiss the seventh cause of action. The plaintiffs appeal.
The Supreme Court properly determined that the seventh cause of action was time-barred. A cause of action to impose a constructive trust is governed by a six-year statute of limitations and "begins to accrue 'upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered'" (Reiner v Jaeger, 50 AD3d 761, 761, quoting Soscia v Soscia, 35 AD3d 841, 843; see Coombs v Jervier, 74 AD3d 724; Goco v Ramnani, 65 AD3d 664). "'On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired'" (Cataldo v Herrmann, 154 AD3d 641, 642, quoting Island ADC, Inc. v Baldassano Architectural Group, P.C., 49 AD3d 815, 816). If a defendant makes such prima facie showing, the burden shifts to the plaintiff to "aver evidentiary facts establishing that the case falls within an exception to the Statute of Limitations" (Savarese v Shatz, 273 AD2d 219, 220 [internal quotation marks omitted]). Here, the defendants established, prima facie, that the seventh cause of action to impose a constructive trust was time-barred by showing that it accrued in May 2008 when Michael delivered the $190,000 check to Steven. In opposition, the plaintiffs failed to allege, beyond speculation and conjecture, when any purported wrongful conduct occurred, and thus failed to "'aver evidentiary facts establishing that the case falls within an exception to the Statute of Limitations'" (Coombs v Jervier, 74 AD3d at 725, quoting Savarese v Shatz, 273 AD2d at 220).
Moreover, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the seventh cause of action on the ground that it may not be maintained because of release (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276; Burnside 711, LLC v Amerada Hess Corp., 175 AD3d 557, 559).
"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276 [internal quotation marks omitted]; see Ivasyuk v Raglan, 197 AD3d 635, 636). "A release is a contract, and its construction is governed by contract law" (Ivasyuk v Raglan, 197 AD3d at 636 [internal quotation marks omitted]; see Burnside 711, LLC v Amerada Hess Corp., 175 AD3d at 559). "'[I]t is not a prerequisite to the enforceability of a release that the releasor be subjectively aware of the precise claim he or she is releasing'" (Matter of Boatwright, 114 AD3d 856, 858, quoting Mergler v Crystal Props. Assoc., 179 AD2d 177, 180). On the contrary, a valid general release bars not only known claims, but "may encompass unknown claims, . . . if the parties so intend and the agreement is 'fairly and knowingly made'" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276, quoting Mangini v McClurg, 24 NY2d 556, 566, 567; see Burnside 711, LLC v Amerada Hess Corp., 175 AD3d at 559). "Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release 'shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release'" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276, quoting Fleming v Ponziani, 24 NY2d 105, 111).
Here, in response to the defendants' proffer of the release, the plaintiffs' assertion that Michael failed to understand the import of the 2012 agreement and release before signing them is belied by evidence in the record, including that Michael was advised by counsel in connection with that transaction. Thus, the plaintiffs failed to satisfy their burden of demonstrating that there was fraud, duress, or some other fact that would be sufficient to void the release.
The plaintiffs' remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and ROMAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court