Prete v Tamares Dev. 1, LLC (2023 NY Slip Op 04783)

Prete v Tamares Dev. 1, LLC

2023 NY Slip Op 04783

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.

2021-07451
 (Index No. 723468/20)

[*1]Amedeo Prete, respondent,
v
Tamares Development 1, LLC, appellant.

Nicoletti Spinner Ryan Gulino Pinter, New York, NY (Jason I. Gomes of counsel), for appellant.
Pardalis & Nohavicka, LLP, New York, NY (Joseph Nohavicka and Gregory A. Nahas of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence and breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (David Elliot, J.), dated August 9, 2021. The order denied the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint is granted.
The plaintiff commenced this action against the defendant to recover property damages allegedly sustained as a result of a construction project carried out on property adjacent to premises owned by the plaintiff. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground that the plaintiff executed a release of all claims against the defendant arising out of the project in exchange for a payment of $15,000. In an order dated August 9, 2021, the Supreme Court denied the defendant's motion. The defendant appeals.
"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [internal quotation marks omitted]). "A release is a contract, and its construction is governed by contract law" (Kaminsky v Gamache, 298 AD2d 361, 361; see Ivasyuk v Raglan, 197 AD3d 635, 636). Where "the language of a release is clear and unambiguous, the signing of a release is a jural act binding on the parties" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276 [internal quotation marks omitted]; see Booth v 3669 Delaware, 92 NY2d 934, 935).
"In resolving a motion for dismissal pursuant to CPLR 3211(a)(5), the plaintiff's allegations are to be treated as true, [and] all inferences that reasonably flow therefrom are to be resolved in his or her favor" (Webster v Forest Green Apt. Corp., 174 AD3d 668, 669 [internal quotation marks omitted]). "'Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to [*2]void the release'" (Ivasyuk v Raglan, 197 AD3d at 637, quoting Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276 [internal quotation marks omitted]).
Here, in support of its motion to dismiss the complaint, the defendant submitted a release executed by the plaintiff, which, by its terms, barred the instant action against the defendant (see Davis v Rochdale Vil., Inc., 109 AD3d 867, 867). In opposition, the plaintiff failed to raise an issue of fact as to whether there had been fraud, duress, or some other circumstance which would be sufficient to void the release (see id. at 867). The plaintiff's claim of illiteracy in the English language was, "by itself, insufficient to avoid the rule that [a] party who signs a contract without any valid excuse for having failed to read it is conclusively bound by its terms" (Kenol v Nelson, 181 AD2d 863, 866 [internal quotation marks omitted]). The plaintiff did not allege that the defendant misrepresented the content of the release, nor did he claim to have made any effort to have the document translated or explained to him. "A person who does not understand the English language is not automatically excused from complying with the terms of a signed agreement, since such person must make a reasonable effort to have the agreement made clear to him or her" (Ivasyuk v Raglan, 197 AD3d at 638; see Nerey v Greenpoint Mtge. Funding, Inc., 144 AD3d 646, 648). Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint.
DUFFY, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court