Davin v Plymouth Rock Assur. Co. of N.Y. (2024 NY Slip Op 02687)

Davin v Plymouth Rock Assur. Co. of N.Y.

2024 NY Slip Op 02687

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2021-04885
 (Index No. 34799/20)

[*1]Daniel Davin, respondent-appellant, 
v
Plymouth Rock Assurance Co. of New York, formerly known as MAPFRE Insurance Co. of New York, appellant-respondent.

Rivkin Radler LLP, Uniondale, NY (Michael P. Versichelli and Cheryl F. Korman of counsel), for appellant-respondent.
Law Office of Jason Tenenbaum, P.C., Garden City, NY (James F. Sullivan of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for a violation of General Business Law § 349, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated June 25, 2021. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging bad faith. The order, insofar as cross-appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging a violation of General Business Law § 349.
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging bad faith is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On February 11, 2013, the plaintiff allegedly sustained personal injuries when the vehicle he was operating collided with another vehicle on the Cross Bronx Expressway. The plaintiff's vehicle was insured by MAPFRE Insurance Company of New York (hereinafter MAPFRE) under an automobile insurance policy, which included coverage for supplementary uninsured/underinsured motorist (hereinafter SUM) benefits. In November 2019, MAPFRE tendered $200,000 in settlement of the plaintiff's demand for SUM benefits under the policy, and the plaintiff executed a release and trust agreement (hereinafter the release), inter alia, releasing MAPFRE from "any and all actions, causes of actions, [and] claims . . . under the Uninsured Motorist/Underinsured Motorist Coverage . . . for the injuries suffered by [the plaintiff] as a result of [the] accident . . . meaning and intending hereby to release and discharge the said MAPFRE . . . from only such contractual liability as it may have under the aforesaid Uninsured Motorist/Underinsured Motorist Coverage."
In October 2020, the plaintiff commenced this action against the defendant, Plymouth Rock Assurance Co. of New York, formerly known as MAPFRE, alleging causes of action sounding in bad faith and a violation of General Business Law § 349 arising out of the defendant's processing of the plaintiff's demand for SUM benefits following the accident. Specifically, the complaint alleged, among other things, that the defendant failed to timely "honor [the plaintiff's] SUM claim . . . with the sole purpose of denying [the plaintiff's] right to the proceeds of the insurance policy," and that said failure "was done with the sole purpose of frustrating the [plaintiff's] entitlement to a contractual benefit." The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated June 25, 2021, the Supreme Court denied that branch of the defendant's motion which was to dismiss the cause of action alleging bad faith and granted that branch of the motion which was to dismiss the cause of action alleging a violation of General Business Law § 349. The defendant appeals, and the plaintiff cross-appeals.
"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [internal quotation marks omitted]; see Prete v Tamares Dev. 1, LLC, 219 AD3d 1537). "A release is a contract, and its construction is governed by contract law" (Kaminsky v Gamache, 298 AD2d 361, 361; see Ivasyuk v Raglan, 197 AD3d 635, 636). "Where the language of a release is clear and unambiguous, the signing of a release is a jural act binding on the parties, and the intent of the parties must be ascertained from the plain language of the agreement" (Sacchetti-Virga v Bonilla, 158 AD3d 783, 784 [citations and internal quotation marks omitted]; see Kaminsky v Gamache, 298 AD2d at 361).
"A party may move for judgment dismissing one or more causes of action asserted against him [or her] on the ground that . . . the cause of action may not be maintained because of . . . [a] release" (CPLR 3211[a][5]). In resolving a motion to dismiss pursuant to CPLR 3211(a)(5), "the plaintiff's allegations are to be treated as true, [and] all inferences that reasonably flow therefrom are to be resolved in his or her favor" (Sacchetti-Virga v Bonilla, 158 AD3d 783, 784 [internal quotation marks omitted]; see Prete v Tamares Dev. 1, LLC, 219 AD3d at 1537). "Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276 [internal quotation marks omitted]; see Prete v Tamares Dev. 1, LLC, 219 AD3d at 1537-1538).
Here, in support of its motion to dismiss the complaint, the defendant submitted the release executed by the plaintiff, which, by its terms, barred the cause of action alleging bad faith in the processing of the plaintiff's demand for SUM benefits (see Prete v Tamares Dev. 1, LLC, 219 AD3d at 1538; Davis v Rochdale Vil., Inc., 109 AD3d 867). In opposition, the plaintiff failed to raise a question of fact as to whether there had been fraud, duress, or some other circumstance which would be sufficient to void the release (see Prete v Tamares Dev. 1, LLC, 219 AD3d at 1538). Accordingly, the Supreme Court erred in denying that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the cause of action alleging bad faith.
However, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging a violation of General Business Law § 349. The plaintiff failed to state a cause of action alleging a violation of General Business Law § 349, since this action involves a private contract dispute involving coverage under the subject policy, in contrast to deceptive conduct aimed at the public at large (see Kastin v GEICO Gen. Ins. Co., 190 AD3d 710, 712; Zawahir v Berkshire Life Ins. Co., 22 AD3d 841, 842).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court