Lewis v 143 Ave Realty, Inc. (2025 NY Slip Op 02337)

Lewis v 143 Ave Realty, Inc.

2025 NY Slip Op 02337

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-06462
 (Index No. 702305/22)

[*1]Neville Lewis, respondent, 
v
143 Ave Realty, Inc., et al., appellants.

Rosenfeld Law Office, Lawrence, NY (Avi Rosenfeld of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that a deed dated February 26, 2014, is null and void, the defendants appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated June 30, 2022. The order denied the defendants' motion, among other things, pursuant to CPLR 3211(a)(5) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint is granted.
On February 26, 2014, the plaintiff executed a deed conveying certain real property located in Queens to the defendant 143 Ave Realty, Inc. In February 2022, the plaintiff commenced this action, inter alia, for a judgment declaring that the deed is null and void, alleging that the defendants breached their promise to the plaintiff to pay him certain sums and to settle the mortgage on the subject property. Thereafter, the defendants moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the complaint. In an order dated June 30, 2022, the Supreme Court denied the defendants' motion. The defendants appeal.
"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Wei Qiang Huang v Llerena-Salazar, 222 AD3d 1033, 1033-1034 [internal quotation marks omitted]; see O'Hara v Magee, 212 AD3d 833, 834). "Where the language of a release is clear and unambiguous, the signing of a release is a jural act binding on the parties" (Prete v Tamares Dev. 1, LLC, 219 AD3d 1537, 1537-1538 [internal quotation marks omitted]). "Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release" (Sjogren v Board of Trustees of Dutchess Community Coll., 216 AD3d 836, 837 [internal quotation marks omitted]). "In resolving a motion for dismissal pursuant to CPLR 3211(a)(5), the plaintiff's allegations are to be treated as true, [and] all inferences that reasonably flow therefrom are to be resolved in his or her favor" (Prete v Tamares Dev. 1, LLC, 219 AD3d at 1537-1538 [internal quotation marks omitted]).
Here, the defendants submitted, inter alia, a release executed by the plaintiff dated May 12, 2015, which, by its terms, barred the instant action against the defendants (see Prete v Tamares Dev. 1, LLC, 219 AD3d at 1538). In opposition, the plaintiff's assertion that he failed to understand the import of the release was not sufficient to void the release (see Collins-Genova v [*2]Louros, 204 AD3d 748, 749).
Accordingly, the Supreme Court should have granted the defendants' motion, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint.
In light of our determination, we need not reach the defendants' remaining contentions.
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court