Schneier v Clermont York Assoc., LLC (2025 NY Slip Op 04498)

Schneier v Clermont York Assoc., LLC

2025 NY Slip Op 04498

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2024-05202
 (Index No. 705937/20)

[*1]Tobi Rubinstein Schneier, etc., appellant,
v
Clermont York Associates, LLC, respondent.

Felipe Orner, Flushing, NY, for appellant.
Greenberg Traurig, LLP, New York, NY (Daniel J. Ansell, Hal N. Beerman, and Julian M. Rodriguez of counsel), for respondent.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for rent overcharges, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered April 1, 2024. The order denied the plaintiff's motion, among other things, pursuant to CPLR article 9 for class certification and, in effect, pursuant to CPLR 3126 to impose discovery sanctions and granted the defendant's cross-motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this putative class action on behalf of "opt out members of" a prior class action entitled Gerard v Clermont York Assoc. LLC, commenced in the Supreme Court, New York County, under Index No. 101150/10 (hereinafter the prior class action), against the defendant herein, inter alia, to recover damages for certain rent overcharges. The prior class action was settled by an agreement dated May 20, 2019 (hereinafter the settlement agreement). The settlement agreement, pursuant to which the plaintiff was a class member, was approved by the Supreme Court by judgment dated August 26, 2020, and contained a general release barring every class member "who does not timely and properly opt out" of the settlement agreement from asserting "all . . . claims[ or] causes of action . . . of any nature whatsoever . . . arising at any time on or before entry of the [judgment] that are based upon or related to, or arise out of, in whole or in part, the facts, transactions, events, occurrences, acts, or failures to act that were or could have been alleged" in the prior class action by a class member. The settlement agreement further provided that a class member could opt out of the settlement by sending a written request for exclusion from the settlement by first-class mail postmarked by a certain date.
The plaintiff moved in this action, inter alia, pursuant to CPLR article 9 for class certification and, in effect, pursuant to CPLR 3126 to impose discovery sanctions. The defendant opposed the motion and cross-moved pursuant to CPLR 3211(a) to dismiss the complaint as barred by the release. In an order entered April 1, 2024, the Supreme Court denied the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals.
"'Generally, a valid release constitutes a complete bar to an action on a claim which [*2]is the subject of the release'" (Prete v Tamares Dev. 1, LLC, 219 AD3d 1537, 1537, quoting Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276; accord Applewhite v 112 Liberty Assoc., LLC, 233 AD3d 834, 834). "'A release is a contract, and its construction is governed by contract law'" (Collins-Genova v Louros, 204 AD3d 748, 750, quoting Ivasyuk v Raglan, 197 AD3d 635, 636; see Booth v 3669 Delaware, 92 NY2d 934).
"'A party may move for judgment dismissing one or more causes of action asserted against [it] on the ground that . . . the cause of action may not be maintained because of . . . [a] release'" (Davin v Plymouth Rock Assur. Co. of N.Y., 227 AD3d 862, 863, quoting CPLR 3211[a][5]). "In resolving a motion to dismiss pursuant to CPLR 3211(a)(5), 'the plaintiff's allegations are to be treated as true, [and] all inferences that reasonably flow therefrom are to be resolved in his or her favor'" (id. at 863-864, quoting Sacchetti-Virga v Bonilla, 158 AD3d 783, 784).
Here, in support of its cross-motion, the defendant submitted, inter alia, the settlement agreement containing the release, which, by its terms, barred the instant action against the defendant for those class members in the prior class action who did not opt out of the settlement in the manner required by the settlement agreement. The defendant also submitted evidence that the plaintiff, who was a class member, received the requisite notice of the settlement agreement and its opt out provision but failed to opt out of the settlement in the manner required by the settlement agreement. Thus, the defendant met its initial burden of establishing that the instant action was barred by the release (see Prete v Tamares Dev. 1, LLC, 219 AD3d at 1537; Wells Fargo Bank, N.A. v Miller, 150 AD3d 1046, 1048-1049).
In opposition, the plaintiff failed to show that there has been fraud, duress, or some other circumstance that would be sufficient to set aside the release (see Davin v Plymouth Rock Assur. Co. of N.Y., 227 AD3d at 864; Prete v Tamares Dev. 1, LLC, 219 AD3d at 1537; Ivasyuk v Raglan, 197 AD3d at 637). Contrary to the plaintiff's contention, she was not relieved of the opt out requirements of the settlement agreement by virtue of the toll provided by Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8) and the subsequent orders extending that order, issued by the Governor in response to the COVID-19 public health crisis (see Prestige Deli & Grill Corp. v PLG Bedford Holdings, LLC, 213 AD3d 962). Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint as barred by the release.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., MILLER, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court