Riechers v Mount Kisco Med. Group, P.C. (2025 NY Slip Op 07325)

Riechers v Mount Kisco Med. Group, P.C.

2025 NY Slip Op 07325

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-06288
 (Index No. 70452/17)

[*1]Roger N. Riechers, etc., appellant, 
v
Mount Kisco Medical Group, P.C., etc., respondent.

Brad S. Maistrow, P.C., New York, NY (Jon D. Pels, pro hac vice, and Maria L. Olsen, pro hac vice, of counsel), for appellant.
Jackson Lewis P.C., New York, NY (Mary A. Smith and Caterina Catalano of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated April 29, 2024. The judgment, upon a decision of the same court (William J. Giacomo, J.) dated December 2, 2020, made upon written submissions of the parties, is in favor of the defendant and against the plaintiff dismissing so much of the cause of action to recover damages for breach of contract as alleged that the termination of the plaintiff's employment violated a certain agreement and the cause of action to recover damages for breach of the implied covenant of good faith and fair dealing.
ORDERED that the judgment is affirmed, with costs.
In December 2017, the plaintiff commenced this action, inter alia, to recover damages for breach of contract and breach of the implied covenant of good faith and fair dealing in connection with certain agreements he entered into with the defendant, his former employer, in 2008 and 2012. In a decision dated December 2, 2020, the Supreme Court determined, among other things, that a release executed by the plaintiff in favor of the defendant was valid and enforceable and barred so much of the breach of contract cause of action as alleged that the termination of the plaintiff's employment violated the 2008 agreement. Thereafter, in a judgment dated April 29, 2024, the court, upon the decision, dismissed so much of the breach of contract cause of action as alleged that the termination of the plaintiff's employment violated the 2008 agreement and the cause of action to recover damages for breach of the implied covenant of good faith and fair dealing. The plaintiff appeals.
"'Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release'" (Gormley v Marist Bros. of the Schs., Province of the United States of Am., 236 AD3d 868, 869-870, quoting Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276) "and should not 'be converted into a starting point for renewed litigation'" (Inter-Reco, Inc. v Lake Park 175 Froehlich Farm, LLC, 106 AD3d 955, 955, quoting Mangini v McClurg, 24 NY2d 556, 563). "'Where the language of a release is clear and unambiguous, the signing of a release is a jural act binding on the parties'" (Lewis v 143 Ave Realty, [*2]Inc., 237 AD3d 1085, 1086, quoting Prete v Tamares Dev. 1, LLC, 219 AD3d 1537, 1537).
Here, the Supreme Court properly determined that the release was valid and enforceable (see e.g. Ivasyuk v Raglan, 197 AD3d 635, 637). Contrary to the plaintiff's contention, "[a] release of all claims is valid notwithstanding a lack of consideration" (Matter of Cheng Ching Wang, 114 AD3d 939, 940; see General Obligations Law § 15-303).
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court